*519 OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered October 4, 1999 reversed, on the facts and as a matter of discretion in the interest of justice, and accusatory instrument dismissed.
This prosecution for harassment in the first degree (Penal Law § 240.25) arises from defendant’s course of conduct in staring at the complainant through the window of her upper east side, corner storefront premises nearly once every day for a two-month period between January and March 1998. Prosecution evidence at trial showed that defendant “routine [ly]” appeared in front of the complainant’s store and, while standing at least 25 feet away from the store window, stared into the window at the complainant as he (defendant) made a “commotion” and acted “erratically”; that defendant’s erratic behavior typically took the form of dancing and banging drumsticks in the air as he listened to a Walkman; and that defendant generally left the area within 5 or 10 minutes, usually as soon as the complainant “acknowledge [d] ” him.
Although defendant waved at the complainant on one occasion, it is undisputed that defendant did not at any time enter the store or otherwise directly approach or speak to the complainant and that his behavior outside of the store, albeit “erratic,” was unaccompanied by any hostile or threatening gestures. Thus, on this record, defendant’s conviction of first degree harassment cannot stand, since a finding that the complainant was put “in reasonable fear of physical injury” (Penal Law § 240.25) is against the weight of the evidence (see, People v Feliciano, 2002 NY Slip Op 50077 [U] [App Term, 1st Dept, Feb. 26, 2002], lv denied 98 NY2d 675 [2002]; cf., People v Murray, 167 Misc 2d 857 [1995]).
Suarez, P.J., McCooe and Schoenfeld, JJ., concur.