McCooe, J. (dissenting).
This prosecution for harassment in the first degree (Penal Law § 240.25) arises from defendant’s alleged course of conduct in ringing the complainant’s doorbell late at night on three occasions and “glaring” at the complainant on one occasion from across the street as she left her apartment. Applying an objective test, this conduct was insufficient as a matter of law to place a person in “reasonable fear of physical injury” (Penal Law § 240.25). The accusatory instrument alleging only this conduct was facially insufficient and should be dismissed.
The complainant identified the defendant as the individual responsible for ringing her doorbell on the first two occasions based only upon the “ring pattern.” The defense also disputed her identification of the defendant after the third bell ringing incident. This time the complainant walked down three flights of stairs, apparently to confront the defendant, leaving her pit bull upstairs. She saw him, he ran away and she opened the door. These are hardly the actions of a person in fear of physical injury but those of one understandably annoyed. On each of the bell ringing incidents, the complainant admittedly had no contact with the defendant. While the complainant claimed that on one occasion the defendant was “glaring” at her with “tense muscles” across the street from her apartment while she was walking her pit bull, it is undisputed that the defendant, who lived four blocks away, did not directly approach or speak to the complainant and remained “standing still.”
The complaining witness reported the first two alleged bell ringings to the Probation Department when the order of protection was still in effect. Apparently it found no violation of the order of protection since it not only refused to extend it past the three-year period but reduced the term.
Assuming the truth of this testimony, it is not sufficient as a matter of law to establish the necessary element of a “reasonable fear of physical injury” (see People v Demisse, 24 AD3d 118 [1st Dept 2005], lv denied 6 NY3d 833 [2006]; People v Feliciano, 2002 NY Slip Op 50077[U] [App Term, 1st Dept 2002], lv denied 98 NY2d 675 [2002]; People v Corichi, 195 Misc 2d 518 [App Term, 1st Dept 2003]).
Three years previously the defendant had engaged in a course of nonphysical harassing conduct after complainant ended their relationship which resulted in a plea of guilty to second degree *63 aggravated harassment and a three-year order of protection which has expired. There has never been a claim of physical injury by the defendant. The admission into evidence over objection of testimony detailing the conduct for which the defendant had pleaded guilty approximately three years previously was prejudicial to the defense, violative of the Molineux exception and deprived the defendant of a fair trial on the present charges. This trial was a review of the prior conduct for which the defendant had pleaded guilty. It included testimony as to his allegedly verbally abusive conduct at Alcoholics Anonymous meetings attended by the complainant and defendant as evidence of defendant’s bad character. The alleged “threatening lyrics” admitted from the prior conviction were the Rolling Stones “You Can’t Always Get What You Want” and “Iris” by the Goo Goo Dolls. “Iris” is the main song from the romantic movie “City of Angels.” The evidence from the prior conviction should have been limited to conduct, if any, which would lead a reasonable person to fear physical injury.
The accusatory instrument which charged only the four incidents, three bell ringings and one “glaring” from across the street, was facially insufficient. Even assuming that all the testimony from the prior trial was admissible, the evidence fails to establish beyond a reasonable doubt an essential element of harassment in the first degree. There has not been an objective showing that a reasonable person would be placed in “fear of physical injury” (Penal Law § 240.25). Whether the evidence established harassment in a lesser degree is not before us.
The judgment of conviction should be reversed and the information dismissed.
Gangel-Jacob and Schoenfeld, JJ., concur; McCooe, J.E, dissents in a separate memorandum.