■ In the Matter of REBECCA S. ANSTEY, Respondent, v CHARLES A. PALMATIER, Appellant. [803 NYS2d 767]—

Crew III, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 1, 2004, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 8, for an order of protection.

Petitioner, who is married to respondent's stepson, commenced this family offense proceeding against respondent alleging that he engaged in harassing behavior toward her. Family Court initially issued a temporary order of protection. Following a fact-finding and dispositional hearing, Family Court found that a family offense had been committed and issued a two-year order of protection. Respondent now appeals.

Initially, respondent contends that Family Court lacked subject matter jurisdiction and, accordingly, the petition must be dismissed. While this contention was not raised in Family Court, inasmuch as it implicates Family Court's subject matter jurisdiction, it is not waivable and we therefore will consider it (see Matter of Hassig v Nicandri, 2 AD3d 1118, 1119 [2003], lv denied 2 NY3d 701 [2004]).

Here, respondent is alleged to have harassed his stepson's spouse, and the issue distills to whether petitioner and respondent, who do not share the same living quarters, may be considered "members of the same family or household" (Family Ct Act § 812 [1]), which includes, insofar as is relevant here, "persons related by consanguinity or affinity" (Family Ct Act § 812 [1] [a]). A relationship by affinity is based upon marriage and has to do with the relationship one spouse has to the blood or adopted relatives of the other spouse (see Randolph v Nationwide Mut. Fire Ins. Co., 242 AD2d 889, 890 [1997]; see e.g. Wilmore v State, 268 Ga App 646, 602 SE2d 343 [2004]; People v Armstrong, 212 Mich App 121, 536 NW2d 789 [1995]; Duke v State, 257 Ala 339, 58 So 2d 764 [1952]; Zimmerer v Prudential Ins. Co. of Am., 150 Neb 351, 34 NW2d 750 [1948]; Clawson v Ellis, 286 Ill 81, 121 NE 242 [1918]; Simcoke v Grand

*Lodge of A.O.U.W. of Iowa,* 84 Iowa 383, 151 NW 8 [1892]; Black's Law Dictionary 63, 1315 [8th ed 2004]). Here, petitioner is not a blood relative of respondent's wife and, therefore, is not related to respondent by affinity. Consequently, Family Court lacked subject matter jurisdiction to entertain the application for a protective order and the petition must be dismissed. In light of this conclusion, we need not address the remaining arguments raised by respondent.

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.