OPINION OF THE COURT
Gerald Harris, J.
The defendant, Anthony Graves, is charged with coercion in the second degree (Penal Law § 135.60 [2]) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40).
*517 The complaint alleges that, on October 29, 2005, the complainant’s cellphone was stolen from her pocketbook. The next day the complainant called the cellphone number and the person who answered told the complainant: “If you want your phone back meet me in front of the Apollo at 263 West 125th Street at 3:00 p.m. tomorrow and if you want it back you will have to give me $160 dollars.”
On October 31, 2005, the complainant went to the specified location where she met the defendant who said to her “where is the money?” Defendant was arrested and the cellphone was recovered from his person.
The defendant has moved to dismiss the charge of coercion and to suppress physical evidence and statements attributed to him. The basis for defendant’s motion to dismiss is twofold: the complaint does not identify him as the voice on the cellphone, and the factual allegations do not support the charge.
In substance, defendant is charged with attempting to compel the complainant to pay to him a sum of money, an action the complainant has a legal right to refuse, upon pain of losing her property, which the defendant claimed to have.
Defendant argues that these factual allegations fail to support a charge of coercion because the statute requires that the defendant threaten to damage the complainant’s property and that no such threat is alleged.
Defendant’s argument is rejected as hypertechnical and disingenuous. While, in a strict sense, causing damage to property suggests that the property may be physically debased or destroyed and, thus, rendered useless or less valuable, to withhold the property completely is the severest form of damage, depriving the owner of its entire economic value or benefit and foreclosing any use or hope of repair whatsoever. Implicit in the statement attributed to defendant is a threat that the cellphone would not be returned unless the money demanded was paid.
Thus, the court finds that the required element of a threat to damage property has been pleaded adequately.
Even if the factual allegations of the complaint were found not to satisfy the requirements of Penal Law § 135.60 (2), and the court finds that they do, dismissal would not be required. It is clear that the allegations also support a charge under Penal Law § 135.60 (3), namely, demand for a payment upon threat of engaging in conduct constituting a crime. Here, the threatened crimes are larceny and criminal possession of stolen property.
*518 A person may be guilty of larceny when he withholds another’s property by means of extortion (Penal Law § 155.05 [2] [e]) or by acquiring lost property (Penal Law § 155.05 [2] [b]). Larceny by extortion and coercion are parallel crimes and are similarly defined. (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 155, at 173.)[1]
Assuming, as the complaint alleges, the complainant’s cellphone was stolen, defendant’s demand for money for return of the cellphone contained the implied threat, as defendant concedes, that defendant would keep the cellphone if the money were not paid. That threat constitutes a withholding of the property with the intent to deprive the owner of a major portion of its economic value or benefit. (Penal Law § 155.00 [3], [4].) Those circumstances, if true, make out the crime of larceny by extortion.
If it be assumed that the cellphone had been lost by complainant, the same result would follow. Since the finder of lost property who learns the identity of the rightful owner has an obligation to take reasonable measures to return the property,[2] conditioning the return upon the payment of what amounts to a ransom constitutes a larceny.
Therefore, the People should be given an opportunity, if they so elect, to file a superseding information also charging a violation of Penal Law § 135.60 (3) and/or a violation of Penal Law § 155.25. (People v Thomas, 4 NY3d 143 [2005]; CPL 100.50 [1].) The complaint already charges criminal possession of stolen property in the fifth degree (Penal Law § 165.40), which charge is not challenged as to facial sufficiency by the defendant.
Defendant’s contention that the coercion charge must be dismissed because there is no factual allegation that he was the voice on the cellphone is without merit. The facts alleged in the complaint, including the allegation that, within two days after complainant’s cellphone was stolen, defendant appeared at the location to which complainant was directed during the telephone conversation of the preceding day and demanded money, give rise to a reasonable inference, for pleading purposes, that the defendant was a participant in the crime of coercion. The requirements of a prima facie case are not the same as the burden of proof beyond a reasonable doubt required at trial. *519 (People v Henderson, 92 NY2d 677 [1999].) The complaint gives the defendant adequate notice of the charge so that he may prepare his defense and is sufficient to prevent the defendant from being subjected to the risk of double jeopardy. (People v Casey, 95 NY2d 354 [2000].)
Accordingly, defendant’s motion to dismiss the charge of Penal Law § 135.60 (2) is denied.
Defendant’s motion to suppress statements and physical evidence is granted to the extent that a DunawayIMapp¡Huntley hearing is ordered. Admissibility for cross-examination purposes of any prior misconduct by defendant is referred to the trial court.

. “Coercion, in essence, consists of compelling a person by intimidation to engage or refrain from engaging in certain conduct. Extortion is compelling a person by intimidation to turn over property.” (Id.)

. See Penal Law § 155.05 (2) (b).