Kavanagh, J.
Appeals from four orders of the Family Court of Essex County (Meyer, J.), entered August 7, 2007 and September 19, 2007, which dismissed petitioner’s applications, in four proceedings pursuant to Family Ct Act article 8, for orders of protection.
Petitioner is the father of a daughter (born in 2002) who resides with her mother.[1] In August 2007, petitioner filed two family offense petitions seeking orders of protection in favor of the child against respondents—one against respondent Beth Ackey, the child’s maternal aunt (hereinafter the aunt), and one against respondent Edward Ackey, the aunt’s husband (hereinafter the uncle)—alleging that they had both committed acts that constituted reckless endangerment of the child. Specifically, the petitions alleged that the uncle was selling and using hallucinogenic mushrooms in the child’s presence and that the aunt allowed the drugs to be sold in the child’s presence and was using the drugs herself.
Four days after the family offense petitions were filed, Family Court, in two orders, dismissed the petitions for lack of subject matter jurisdiction, concluding that petitioner was not a member of the same family or household as respondents (see Family Ct Act § 812 [1] [a]). Petitioner then filed two similar *972 family offense petitions seeking the same relief and Family Court, citing its prior orders, once again dismissed the petitions. Petitioner now appeals from the orders that dismissed the four petitions. Because Family Court should not have dismissed the petitions for lack of subject matter jurisdiction, we now reverse.
Initially, petitioner filed the family offense petitions on behalf of his child, seeking orders of protection for her, and clearly he had standing to do so (see Matter of Loriann Q. v Frank R., 53 AD3d 735, 736 [2008]; Matter of Hamm-Jones v Jones, 14 AD3d 956, 958 [2005]). Family Ct Act § 812 (1) (a) provides that “family court [has] jurisdiction over any proceeding . . . between members of the same family or household,” meaning, among other things, “persons related by consanguinity or affinity.” “A relationship by affinity is based upon marriage and has to do with the relationship one spouse has to the blood or adopted relatives of the other spouse” (Matter of Anstey v Palmatier, 23 AD3d 780, 780 [2005] [citations omitted]; see Randolph v Nationwide Mut. Fire Ins. Co., 242 AD2d 889, 890 [1997]; see also Black’s Law Dictionary 63 [8th ed 2004]). Family Court dismissed the petitions for lack of subject matter jurisdiction after concluding that petitioner was not related by blood or marriage to either the aunt or the uncle and, therefore, no relationship existed between them to qualify the parties as members of the same family or household (see Family Ct Act § 812 [1]). However, the court’s proper inquiry should have been the child’s relation to respondents, not petitioner’s relation to respondents.
The allegations contained in the first family offense petition against the aunt were based upon the aunt’s relationship to the child (the aunt is the sister of the child’s mother). Petitioner’s first family offense petition against the uncle was based upon the uncle being married to the aunt. Accordingly, petitioner established in the first two petitions that his daughter is related by consanguinity to the aunt and by affinity to the uncle (see Family Ct Act § 812 [1] [a]; Matter of Anstey v Palmatier, 23 AD3d at 780).
After Family Court dismissed the first two family offense petitions, petitioner attempted to restate his own relation to respondents to satisfy the court’s jurisdictional concerns. In the second petition against the uncle, petitioner alleged that he and the uncle were first cousins in that their mothers were sisters. The second petition against the aunt alleged that she “is wife to [petitioner’s first] cousin.” Based upon the allegation that petitioner was a first cousin of the uncle and, as a result, his child would be a cousin to the uncle, petitioner established in the second set of proceedings against the aunt and the uncle *973 that his daughter is also related by consanguinity to the uncle and by affinity to the aunt.[2]
Accordingly, based upon the relation of petitioner’s daughter to respondents, Family Court erred in dismissing the family offense petitions for lack of subject matter jurisdiction.
Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the orders are reversed, on the law, without costs, and matter remitted to the Family Court of Essex County for further proceedings not inconsistent with this Court’s decision.

. In August 2006, the child’s mother obtained a two-year order of protection against petitioner, which directed that petitioner could “not contact or communicate, directly or through third parties, with any [g]overnmental [officer, official or agency regarding [her or their daughter,] except to the limited extent that he [could] file petitions in an appropriate Family Court.”

. To this extent, the second set of petitions against the aunt and the uncle also established that petitioner was related to the uncle by consanguinity and the aunt by affinity.