OPINION OF THE COURT
Andrea Masley, J.
On May 14, 2009, Melinda Morales filed a petition seeking an order of protection under article 8 of the Family Court Act.
Respondent Carmen Roman acknowledged service on July 20, 2009, and appeared on July 20, 2009 and September 23, 2009. Trial was scheduled for March 22, 2010, but due to an attorney scheduling conflict, the trial was adjourned to August 25, 2010, when both parties testified.
*298 The court finds that it has jurisdiction under Family Court Act § 812 on the grounds that petitioner is the mother of respondent’s grandchild. Family Court Act § 812 provides:
“1. Jurisdiction. The family court and the criminal courts shall have concurrent jurisdiction over any proceeding concerning acts which would constitute disorderly conduct, harassment in the first degree, harassment in the second degree, aggravated harassment in the second degree, sexual misconduct, forcible touching, sexual abuse in the third degree, sexual abuse in the second degree as set forth in subdivision one of section 130.60 of the penal law, stalking in the first degree, stalking in the second degree, stalking in the third degree, stalking in the fourth degree, criminal mischief, menacing in the second degree, menacing in the third degree, reckless endangerment, assault in the second degree, assault in the third degree or an attempted assault between spouses or former spouses, or between parent and child or between members of the same family or household except that if the respondent would not be criminally responsible by reason of age pursuant to section 30.00 of the penal law, then the family court shall have exclusive jurisdiction over such proceeding. Notwithstanding a complainant’s election to proceed in family court, the criminal court shall not be divested of jurisdiction to hear a family offense proceeding pursuant to this section. In any proceeding pursuant to this article, a court shall not deny an order of protection, or dismiss a petition, solely on the basis that the acts or events alleged are not relatively contemporaneous with the date of the petition, the conclusion of the fact-finding or the conclusion of the dispositional hearing. For purposes of this article, ‘disorderly conduct’ includes disorderly conduct not in a public place. For purposes of this article, ‘members of the same family or household,’ shall mean the following:
“(a) persons related by consanguinity or affinity;
“(b) persons legally married to one another;
“(c) persons formerly married to one another regardless of whether they still reside in the same household;
“(d) persons who have a child in common regardless of whether such persons have been married or have *299 lived together at any time; and
“(e) persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time. Factors the court may consider in determining whether a relationship is an ‘intimate relationship’ include but are not limited to: the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship. Neither a casual acquaintance nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute an ‘intimate relationship.’ ”
Petitioner and respondent are not family members under the Family Court Act. (Contra Turner v Lewis, 434 Mass 331, 749 NE2d 122 [2001] [interpreting a statute for victims of family violence whose language is virtually identical to section 812 (1) (a), and holding that the court has jurisdiction because the grandparent is related by blood through the grandchild to the grandchild’s parent].) Since petitioner and respondent’s son were never married, the parties are not related by affinity. “[A] relation of affinity is based upon marriage (see, Black’s Law Dictionary 59 [6th ed 1990]) and divorce destroys the foundation of that relation.” (Matter of Orellana v Escalante, 228 AD2d 63, 65 [4th Dept 1997].) However, the court finds that this relationship is sufficiently “intimate” to be captured by Family Court Act § 812 (1) (e). One of the indicia of an intimate relationship is its duration. The parties can be expected to have a relationship for a lifetime where, as here, the father maintains a relationship with the child and respondent maintains a relationship with her son and her grandchild. (See Matter of R.M.W. v G.M.M., 23 Misc 3d 713 [Fam Ct, Nassau County 2009] [intimate relationship based on connection through child between mother and father’s resident paramour].) Indeed, one of the alleged incidents occurred on a subway platform where paternal grandmother, father, mother and baby were present and another incident occurred when paternal grandmother rushed up to the child when the grandmother saw the child at McDonald’s. Clearly, by all the testimony, the grandmother wishes to maintain a relationship with the child.
Nevertheless, the court dismisses the petition as the court finds that the allegations of the petition were not supported by *300 a fair preponderance of the evidence. Neither party testified credibly. Petitioner’s story was disjointed, impossible to follow and unconvincing. Moreover, if petitioner is to be believed, her injury is that she felt disrespected, which is not a family offense. Respondent’s testimony was not credible as the subway incident described was logistically impossible.
Ordered that the petition is denied and dismissed with prejudice.