■ In the Matter of TYRONE T., Appellant, v KATHERINE M., Respondent. [911 NYS2d 56]—

Order, Family Court, Bronx County (Alma Cordova, J.), entered on or about July 21, 2009, which dismissed petitioner's family offense petition seeking an order of protection against respondent on the ground that petitioner failed to sufficiently establish a family offense, unanimously affirmed, without costs.

Petitioner's claim that he was the boyfriend of respondent's sister, and a friend of respondent, was insufficient to establish an "intimate relationship" within the meaning of Family Court Act § 812 (1) (e) so as to afford the Family Court jurisdiction over this matter (see Sponsor's Mem, Bill Jacket, L 2008, ch 326; *Matter of Seye v Lamar*, 72 AD3d 975 [2010]; *Matter of Mark W. v Damion W.*, 25 Misc 3d 1148 [Fam Ct, Kings County 2009]; *Matter of K.J. v K.K.*, 23 Misc 3d 754, 758-759 [Fam Ct, Orange County 2009]).

In any event, assuming the court had jurisdiction, petitioner failed to establish by a preponderance of the evidence that respondent committed the family offense of first degree harassment against him because his alleged fear that respondent would harm him was not objectively reasonable (see Penal Law § 240.25; *People v Demisse*, 24 AD3d 118, 119 [2005], *lv denied* 6 NY3d 833 [2006]). Respondent's remark that "things would get ugly" if petitioner did not return her property could not be reasonably interpreted as a threat, especially given that they had been friends and that petitioner was dating respondent's sister. Further, petitioner never showed that respondent had ever threatened to shoot him with a gun, or that she would use her gun for purposes beyond the duties of her job as a corrections officer. That petitioner would socialize with respondent at her home even after he filed the petition further undermines any contention of fear. Concur—Mazzarelli, J.P., Saxe, McGuire, Freedman and Abdus-Salaam, JJ.