■ In the Matter of EDMUND T. WELCH, Appellant, v DIANE J. LYMAN, Respondent. [953 NYS2d 643]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Hepner, J.), dated July 15, 2011, which granted the respondent's motion to dismiss the petition for lack of subject matter jurisdiction and, in effect, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 8 seeking an order of protection against the maternal grandmother of his newborn son, based on incidents in which the grandmother allegedly, inter alia, assaulted and harassed the petitioner. At the close of the petitioner's evidence at a hearing on the petition, the grandmother moved to dismiss the petition for lack of subject matter jurisdiction, arguing that the petitioner had failed to establish that the parties had an "intimate relationship" pursuant to Family Court Act § 812 (1) (e). The Family Court granted the motion.

The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute (*see Matter of Johna M.S. v Russell E.S.*, 10 NY3d 364, 366 [2008]; NY Const, art VI, § 13; Family Ct Act § 115). Pursuant to Family Court Act § 812, the Family Court has concurrent jurisdiction with the criminal courts over proceedings concerning certain criminal acts occurring "between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Ct Act § 812 [1] [e]). Insofar as relevant here, "members of the same family or household" includes "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812 [1]). Expressly excluded from the definition of "intimate relationship" are a "casual acquaintance" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812 [1] [e]). Beyond those exclusions, the legislature left it to the courts to determine on a case-by-case-basis what qualifies as an intimate relationship within the meaning of Family Court Act § 812 (1) (e), based upon consideration of factors such as "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (Family Ct Act § 812 [1] [e]).

Here, the parties have no direct relationship and are con-

nected only through the child. According to the petitioner's testimony at the hearing, contact between the parties prior to the alleged incidents was minimal and, following the alleged incidents, was nonexistent. Indeed, the petitioner testified that he "didn't believe [they] had any kind of relationship." Accordingly, the Family Court properly concluded that the parties did not have an "intimate relationship" within the meaning of the statute, and properly granted the motion to dismiss the petition for lack of subject matter jurisdiction and, in effect, dismissed the petition (*see Matter of Riedel v Vasquez*, 88 AD3d 725, 727 [2011]; *Matter of Seye v Lamar*, 72 AD3d 975, 977 [2010]; *Matter of Mark W. v Damion W.*, 25 Misc 3d 1148 [2009]; *cf. Matter of Jose M. v Angel V.*, 99 AD3d 243 [2012]; *Morales v Roman*, 30 Misc 3d 297 [2010]). Rivera, J.P., Balkin, Leventhal and Chambers, JJ., concur.