■ In the Matter of TYRELL JOHNSON, Appellant, v JEFFREY CARTER, Respondent. [996 NYS2d 658]—

In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Kusakabe, J.), dated September 27, 2013, which, in effect, dismissed the petition for lack of subject matter jurisdiction.

Ordered that the order is affirmed, without costs or disbursements.

The petitioner commenced this proceeding pursuant to Family Court Act article 8 seeking an order of protection against the respondent, his former girlfriend's live-in boyfriend. The petitioner and his former girlfriend have a child in common who resides with the respondent and the petitioner's former girlfriend. The petition alleges, among other things, that the respondent threatened to shoot the petitioner and his current girlfriend. Following a hearing on the petition, the Family Court, in effect, dismissed the petition on the ground that the petitioner had failed to establish that the parties had an "intimate relationship" pursuant to Family Court Act § 812 (1) (e).

The Family Court is a court of limited jurisdiction, constrained to exercise only those powers conferred upon it by the New York Constitution or by statute (*see Matter of H.M. v E.T.*, 14 NY3d 521, 526 [2010]). Pursuant to Family Court Act § 812 (1), the Family Court's jurisdiction in family offense proceedings is limited to certain enumerated acts that occur "between spouses or former spouses, or between parent and child or between

members of the same family or household." Included within the definition of "members of the same family or household" is, among others, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812 [1] [e]). The legislature expressly excluded from the definition of "intimate relationship" a "casual acquaintance" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812 [1] [e]; *see Matter of Jose M. v Angel V.*, 99 AD3d 243, 247 [2012]). Beyond those delineated exclusions, the legislature left it to the courts to determine, on a case-by-case basis, what qualifies as an intimate relationship (*see Matter of Jose M. v Angel V.*, 99 AD3d at 247).

Here, the evidence adduced at the hearing demonstrates that the parties have no direct relationship and are connected solely through the child. The contact between the parties was minimal and only related to the child. Accordingly, the Family Court properly concluded that the parties did not have an "intimate relationship" with the meaning of Family Court Act § 812 (1) (e), and properly, in effect, dismissed the petition for lack of subject matter jurisdiction (*see Matter of Welch v Lyman*, 100 AD3d 642, 643-644 [2012]; *Matter of Riedel v Vasquez*, 88 AD3d 725, 727 [2011]; *cf. Matter of Jose M. v Angel V.*, 99 AD3d at 247). Rivera, J.P., Leventhal, Hinds-Radix and Barros, JJ., concur.