Appeal from an order of protection of the Family Court, Kings County (Esther M. Morgenstern, J.), entered September 2, 2014. The order of protection, without a hearing, upon, in effect, granting the petition of Karine Cambre alleging that Tara Kirton had committed a family offense, inter alia, directed Tara Kirton to stay away from Karine Cambre until and including September 1, 2016.
Ordered that the order of protection is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.
Karine Cambre is the fiancée of Shaine Kadyorios, who is the former boyfriend of Tara Kirton and the father of Kirton’s child. In 2014, Cambre filed a family offense petition against Kirton. On September 2, 2014, the Family Court, in effect, upon granting the petition, inter alia, directed Kirton to stay away from Cambre for a period of two years. Kirton appeals and argues, among other things, that the Family Court lacked subject matter jurisdiction over the proceeding.
The Family Court is a court of limited jurisdiction, constrained to exercise only those powers conferred upon it by the New York Constitution or by statute (see Matter of H.M. v E.T., 14 NY3d 521, 526 [2010]; Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366 [2008]). Pursuant to Family Court Act § 812 (1), the Family Court’s jurisdiction in family offense proceedings is limited to certain prescribed acts that occur “between spouses or former spouses, or between parent and child or be *927 tween members of the same family or household” (Family Ct Act § 812 [1]; see Matter of Seye v Lamar, 72 AD3d 975, 976 [2010]). “[M]embers of the same family or household” include, among others, “persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time” (L 2008, ch 326, § 7; see Family Ct Act § 812 [1] [e]; Matter of Seye v Lamar, 72 AD3d at 976).
Here, Kirton and Cambre have no direct relationship and are only connected through a third party, Mr. Kadyorios, who is Cambre’s fiancée and the biological father of Kirton’s daughter. The record also demonstrates that they met for the first time during the course of the court proceedings, and have no ongoing relationship (cf. Matter of Winston v Edwards-Clarke, 127 AD3d 771 [2015]). Accordingly, the undisputed facts establish that there is no “intimate relationship” between the parties within the meaning of Family Court Act § 812 (1) (e) (see Matter of Johnson v Carter, 122 AD3d 853, 854 [2014]; Matter of Welch v Lyman, 100 AD3d 642, 643-644 [2012]; Matter of Parrella v Freely, 90 AD3d 664, 665 [2011]; Matter of Riedel v Vasquez, 88 AD3d 725, 725 [2011]). Consequently, since the parties do not have an “intimate relationship” within the meaning of Family Court Act § 812 (1) (e), the Family Court lacked subject matter jurisdiction, the order of protection must be reversed, the petition denied, and the proceeding dismissed.
In light of the foregoing, Barton’s remaining contentions need not be reached. Mastro, J.P., Balkin, Chambers and Maltese, JJ., concur.