Matter of Veronica C. v Ariann D. (2020 NY Slip Op 03612)





Matter of Veronica C. v Ariann D.


2020 NY Slip Op 03612


Decided on June 25, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 25, 2020

Renwick, J.P., Mazzarelli, Webber, Kern, Moulton, JJ.


11710 -17

[*1] In re Veronica C., Petitioner-Respondent,
v
Ariann D., Respondent-Appellant.


Law Office of Thomas R. Villecco, P.C., Jericho (Thomas R. Villecco of counsel), for appellant.
D. Philip Schiff, New York, for respondent.



Order of protection, Family Court, New York County (Patria Frias-Colon, J.), entered on or about May 10, 2019, in petitioner's favor, upon a finding that respondent committed certain family offenses, unanimously reversed, on the law and the facts, without costs, the order vacated, and the proceeding dismissed.
The court lacks subject matter jurisdiction over this family offense proceeding brought by the foster mother of respondent's biological children. Petitioner failed to establish that she and respondent, who are not members of the same family or household, are or have been in an intimate relationship (see Family Court Act § 812[1][e]; Matter of Tyrone T. v Katherine M., 78 AD3d 545 [1st Dept 2010]; compare Matter of Winston v Edwards-Clarke, 127 AD3d 771, 773 [2d Dept 2015] [intimate relationship existed where the petitioner was living with the respondent's children and their father, who had custody of them, was acting as a stepmother to the children, had frequent contact with respondent, and helped arrange respondent's visitation with the children]; Matter of Kristina L. v Elizabeth M., 156 AD3d 1162, 1164 [3d Dept 2017] [intimate relationship existed based on parties' preexisting friendship and frequent interactions while living together, on both a personal level and with respect to the respondent's child], lv denied 31 NY3d 901 [2018]). Petitioner testified that she did not even know respondent's first name. It appears from the record that petitioner's contact with respondent has been limited to scheduling visitation with the children at the agency and, perhaps, interacting with respondent when she went to petitioner's home to pick up the children for visits.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 25, 2020
CLERK