Matter of Kane v Tung (2021 NY Slip Op 02799)





Matter of Kane v Tung


2021 NY Slip Op 02799


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-12697
 (Docket No. O-17588-19)

[*1]In the Matter of Nickie Kane, appellant,
v
Zora Tung, respondent.


Stuart Diamond, Brooklyn, NY, for appellant.
Greenberg & Merola, LLP, Baldwin, NY (Hayley Greenberg and Larry Bachner of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Kings County (Kathleen C. Waterman, J.), dated November 6, 2019. The order, after a hearing, dismissed the family offense petition for lack of subject matter jurisdiction.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, her former roommate. After holding a hearing on the question of whether the parties were in an intimate relationship within the meaning of Family Court Act § 812(1)(e), the Family Court dismissed the petition for lack of subject matter jurisdiction. The petitioner appeals.
The Family Court is a court of limited jurisdiction, and thus, it "cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366; see NY Const, art VI, § 13; Family Ct Act § 115). Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed criminal acts that occur "between spouses or former spouses, . . . or between members of the same family or household."
Here, it is undisputed that the parties are not spouses, former spouses, or parent and child. Thus, the Family Court would have jurisdiction over this proceeding only if the parties are "members of the same family or household" (id.). The Family Court Act defines "members of the same family or household" as, inter alia, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (id. § 812[1][e]; see id. § 812[1][a]).
"'The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record'" (Matter of Faty v Diagne, 189 AD3d 1585, 1585-1586, quoting Matter of Rall v Phillips, 177 AD3d 641, 642). Here, contrary to the petitioner's contention, the Family Court properly determined that the petitioner and [*2]the respondent were not in an intimate relationship, and that it therefore lacked subject matter jurisdiction (see Family Ct Act § 812[1][e]).
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court