Matter of Uzamere v Idehen (2022 NY Slip Op 04729)

Matter of Uzamere v Idehen

2022 NY Slip Op 04729

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2022-02158
2022-02160
 (Docket Nos. O-3452-22, O-3451-22)

[*1]In the Matter of Cheryl D. Uzamere, appellant,
v
Austin I. Idehen, etc., respondent. (Proceeding No. 1)
In the Matter of Cheryl D. Uzamere, appellant,
v Ehigie Uzamere, respondent. (Proceeding No. 2)

Cheryl D. Uzamere, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In related family offense proceedings pursuant to Family Court Act article 8, the petitioner appeals from two orders of the Family Court, Kings County (Ben Darvil, Jr., J.), both dated March 7, 2022. The first order, without a hearing, dismissed the petition asserted against Ehigie Uzamere for failure to state a cause of action. The second order, without a hearing, dismissed the petition asserted against Austin I. Idehen on the ground of lack of subject matter jurisdiction.
ORDERED that the orders are affirmed, without costs or disbursements.
In March 2022, the petitioner commenced these related family offense proceedings pursuant to Family Court Act article 8 against her husband, Ehigie Uzamere (hereinafter Uzamere), and against Uzamere's attorney, Austin I. Idehen. In an order dated March 7, 2022, the Family Court, without a hearing, dismissed the petition asserted against Uzamere for failure to state a cause of action. In a separate order, also dated March 7, 2022, the Family Court, without a hearing, dismissed the petition asserted against Idehen for lack of subject matter jurisdiction. The petitioner appeals.
Contrary to the petitioner's contention, the allegations set forth in the petition asserted against Uzamere were insufficient to allege conduct that would constitute the offenses of coercion in the second or third degrees or aggravated harassment in the second degree (cf. Penal Law §§ 135.60[1], [2], [3]; 135.61; 240.30[1]; Matter of Boulerice v Heaney, 45 AD3d 1217; People v Graves, 12 Misc 3d 516 [Crim Ct, New York County]). Thus, the Family Court properly dismissed that petition for failure to state a cause of action.
Furthermore, the Family Court properly dismissed the petition asserted against Idehen for lack of subject matter jurisdiction. The Family Court is a court of limited jurisdiction, and thus, it "cannot exercise powers beyond those granted to it by statute" (Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366, 859; see NY Const, art VI, § 13; Family Ct Act § 115). Pursuant to Family Court Act § 812(1)(e), the Family Court's jurisdiction in family offense proceedings is limited to [*2]certain proscribed criminal acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household." The definition of "members of the same family or household" includes "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship." Expressly excluded from the definition of "intimate relationship" are "casual acquaintance[s]" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812[1][e]).
Here, the petitioner concedes that Idehen is not related to her by consanguinity and she did not allege any interactions with Idehen other than when Idehen functioned as Uzamere's counsel. Thus, the court properly dismissed the petition asserted against Idehen for lack of subject matter jurisdiction (see Family Ct Act § 812[1][e]; Matter of Kane v Tung, 194 AD3d 718; Matter of Seye v Lamar, 72 AD3d 975; Matter of Rollerson v New, 28 Misc 3d 663 [Fam Ct, Kings County]; cf. Matter of Jose M. v Angel V., 99 AD3d 243, 246-247).
The petitioner's remaining contentions are without merit.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court