Matter of Silverman v Leibowitz (2022 NY Slip Op 05323)

Matter of Silverman v Leibowitz

2022 NY Slip Op 05323

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2021-03604 2021-03606
 (Docket Nos. O-1098-20, O-1100-20)

[*1]In the Matter of Joel Silverman, appellant,
v
Judith Rachel Leibowitz, respondent. (Proceeding No. 1.)
In the Matter of Joel Silverman, appellant,
v
Allen Leibowitz, respondent. (Proceeding No. 2.)

Meth Law Offices, PC, Chester, NY (Michael D. Meth of counsel), for appellant.
J. Douglas Barics, Commack, NY, for respondents.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, the petitioner appeals from two orders of dismissal of the Family Court, Rockland County (Rachel E. Tanguay, J.), both entered January 14, 2021. The first order of dismissal, without a hearing, dismissed the family offense petition asserted against Judith Rachel Leibowitz with prejudice and vacated a temporary order of protection dated July 17, 2020, against Judith Rachel Leibowitz. The second order of dismissal, without a hearing, dismissed the family offense petition asserted against Allen Leibowitz with prejudice and vacated a temporary order of protection dated July 17, 2020, against Allen Leibowitz.
ORDERED that the orders of dismissal are affirmed, with costs.
The petitioner commenced these family offense proceedings pursuant to Family Court Act article 8 against the respondents, the father and sister of his former spouse. The petitioner and his former spouse have two children together, and the respondents are the grandfather and aunt of the children. During the initial appearance before the Family Court, the court questioned the parties about the nature of their relationship and the frequency of their interactions with each other. The parties confirmed that they never resided together, did not interact with each other in a family-like way, and the petitioner, responding under oath, stated that he had no direct interaction with the respondents following the divorce from his former spouse. Thereafter, the court dismissed the family offense petitions, with prejudice, for lack of subject matter jurisdiction.
"The Family Court is a court of limited jurisdiction, and thus, it 'cannot exercise powers beyond those granted to it by statute'" (Matter of Kane v Tung, 194 AD3d 718, 719, quoting Matter of Johna M.S. v Russell E.S., 10 NY3d 364, 366; see NY Const, art VI, § 13; Family Ct Act § 115). "Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain proscribed criminal acts that occur 'between spouses or former spouses, . . . or between members of the same family or household'" (Matter of Kane v Tung, 194 [*2]AD3d at 719, quoting Family Ct Act § 812[1]; see Matter of Seye v Lamar, 72 AD3d 975, 976). "[M]embers of the same family or household" include, among others, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812[1][e]; see Matter of Seye v Lamar, 72 AD3d at 976). Expressly excluded from the ambit of "intimate relationship" are "casual acquaintance[s]" and "ordinary fraternization between two individuals in business or social contexts" (Family Ct Act § 812[1][e]). Beyond those delineated exclusions, what qualifies as an intimate relationship within the meaning of Family Court Act § 812(1)(e) is determined on a case-by-case basis, and the factors a court may consider include "the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship" (id.; see Matter of Seye v Lamar, 72 AD3d at 976).
Here, the parties have no direct relationship and are only connected through the petitioner's children, who are the respondents' grandchildren, and niece and nephew, respectively. Additionally, the parties have never resided together and they have no direct interaction with each other. Accordingly, the Family Court properly determined that the parties are not in an "intimate relationship" within the meaning of Family Court Act § 812(1)(e), and properly dismissed the family offense petitions for lack of subject matter jurisdiction (see Matter of Royster v Murray, 157 AD3d 701, 702-703; Matter of Riedel v Vasquez, 88 AD3d 725, 726).
The respondents' remaining contention need not be reached in light of the foregoing.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court