Matter of Watson v Brown (2024 NY Slip Op 01191)

Matter of Watson v Brown

2024 NY Slip Op 01191

Decided on March 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-05840
 (Docket No. O-760-23)

[*1]In the Matter of Mariah S. Watson, etc., respondent, 
v
Mariah Brown, appellant.

Samuel S. Coe, White Plains, NY, for appellant.
Bonnie C. Brennan, New Windsor, NY, for respondent.
Jessica Bacal, Mount Kisco, NY, attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Mariah Brown appeals from an order of fact-finding and disposition of the Family Court, Orange County (Victoria B. Campbell, J.), dated June 7, 2023. The order of fact-finding and disposition, after a hearing, found that Mariah Brown committed the family offense of harassment in the first or second degree, in effect, granted that branch of the petition which was for an order of protection against her and in favor of the petitioner's four children, and directed her to comply with the terms set forth in an order of protection of the same court dated May 4, 2023, for a period not to exceed two years.
ORDERED that the order of fact-finding and disposition is reversed, on the law, without costs or disbursements, that branch of the petition which was for an order of protection against Mariah Brown and in favor of the petitioner's four children is denied, the proceeding is dismissed insofar as asserted on behalf of the petitioner's four children, and the order of protection is vacated.
The petitioner commenced this proceeding pursuant to Family Court Act article 8 against the appellant seeking, inter alia, an order of protection in favor of the petitioner's four children (hereinafter collectively the subject children). The appellant and the subject children are not related by blood or marriage, but three of the subject children have the same biological father as the appellant's children. The Family Court denied the appellant's oral application to dismiss the petition for lack of subject matter jurisdiction. After a hearing, the court found that the appellant committed the family offense of harassment in the first or second degree, in effect, granted that branch of the petition which was for an order of protection against the appellant and in favor of the subject children, and directed the appellant to comply with the terms set forth in an order of protection dated May 4, 2023, in favor of the subject children and against the appellant for a period not to exceed two years. This appeal ensued.
The "Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute" (Matter of H.M. v E.T., 14 NY3d 521, 526; see Matter of Cambre v Kirton, 130 AD3d 926, 927). Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain prescribed acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household" (see Matter of Johnson v Carter, 122 AD3d 853, 853-854). "[M]embers [*2]of the same family or household" include, among others, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812[1][e]; see Matter of Silverman v Leibowitz, 208 AD3d 1332, 1333; Matter of Cambre v Kirton, 130 AD3d at 927). "Expressly excluded from the ambit of 'intimate relationship' are 'casual acquaintance[s]' and 'ordinary fraternization between two individuals in business or social contexts'" (Matter of Silverman v Leibowitz, 208 AD3d at 1333, quoting Family Ct Act § 812[1][e]; see Matter of Johnson v Carter, 122 AD3d at 854). "Beyond those delineated exclusions, what qualifies as an intimate relationship within the meaning of Family Court Act § 812(1)(e) is determined on a case-by-case basis, and the factors a court may consider include 'the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship'" (Matter of Silverman v Leibowitz, 208 AD3d at 1333, quoting Family Ct Act § 812[1][e]).
Here, the appellant and the subject children have no direct relationship, and the appellant was only connected to the subject children through her children, who were the half-siblings of three of the subject children. The appellant and the subject children do not reside together and there was no evidence that they have any direct interaction with each other. Accordingly, there is no "intimate relationship" between the appellant and the subject children within the meaning of Family Court Act § 812(1)(e) (see Matter of Silverman v Leibowitz, 208 AD3d at 1333; Matter of Royster v Murray, 157 AD3d 701, 702-703; Matter of Cambre v Kirton, 130 AD3d at 927). Therefore, the Family Court should have denied that branch of the petition which was for an order of protection against the appellant and in favor of the subject children and dismissed the proceeding insofar as asserted on behalf of the subject children for lack of subject matter jurisdiction.
The parties' remaining contentions either are not properly before this Court or need not be reached in light of our determination.
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court