Matter of Woldeselassie v Colon (2024 NY Slip Op 02326)

Matter of Woldeselassie v Colon

2024 NY Slip Op 02326

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2023-03866
2023-03935
2023-03936
 (Docket No. O-17959-22)

[*1]In the Matter of Embaynesh Woldeselassie, appellant, 
v
Cruz Colon, respondent.

Daniel P. Moskowitz, Jamaica, NY, for appellant.
Michael E. Lipson, Garden City, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the petitioner appeals from (1) an order of the Family Court, Kings County (Laura M. Paley, Ct. Atty. Ref.), dated April 17, 2023, and (2) two orders of disposition of the same court, both dated April 18, 2023. The order, after a hearing, granted the respondent's motion to dismiss the petition and to enjoin the petitioner from filing future family offense petitions against the respondent without leave of court. The first order of disposition dismissed the petition. The second order of disposition enjoined the petitioner from filing future family offense petitions against the respondent without leave of court for a period of two years.
ORDERED that the appeal from the order is dismissed, without costs or disbursements; and it is further,
ORDERED that the orders of disposition are affirmed, without costs or disbursements.
The appeal from the intermediate order dated April 17, 2023, must be dismissed because it is not appealable as of right (see Family Ct Act § 1112), and, in any event, the right of direct appeal therefrom terminated with the entry of the orders of disposition (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeals from the orders of disposition (see CPLR 5501[a][1]; Family Ct Act § 1118; Matter of Anna Coral DeL., 50 AD3d 792).
In September 2022, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the respondent, who lived in the same apartment building as the petitioner and was the building's superintendent. The respondent moved to dismiss the petition for lack of subject matter jurisdiction and to enjoin the petitioner from filing future family offense petitions against her without leave of court.
After a hearing on the issue of whether the parties were in an intimate relationship within the meaning of Family Court Act § 812(1)(e), the Family Court granted the respondent's [*2]motion, dismissed the petition for lack of subject matter jurisdiction, and enjoined the petitioner from filing future family offense petitions against the respondent without leave of court for a period of two years. The petitioner appeals.
The "Family Court is a court of limited jurisdiction, constrained to exercise only those powers granted to it by the State Constitution or by statute" (Matter of H.M. v E.T., 14 NY3d 521, 526). Pursuant to Family Court Act § 812(1), the Family Court's jurisdiction in family offense proceedings is limited to certain prescribed acts that occur "between spouses or former spouses, or between parent and child or between members of the same family or household" (see Matter of Watson v Brown, _____ AD3d _____, _____, 2024 NY Slip Op 01191, *1 [2d Dept]). "[M]embers of the same family or household" include, among others, "persons who are not related by consanguinity or affinity and who are or have been in an intimate relationship regardless of whether such persons have lived together at any time" (Family Ct Act § 812[1][e]; see Matter of Silverman v Leibowitz, 208 AD3d 1332, 1333). "Expressly excluded from the ambit of 'intimate relationship' are 'casual acquaintance[s]' and 'ordinary fraternization between two individuals in business or social contexts'" (Matter of Silverman v Leibowitz, 208 AD3d at 1333, quoting Family Ct Act § 812[1][e]). "Beyond those delineated exclusions, what qualifies as an intimate relationship within the meaning of Family Court Act § 812(1)(e) is determined on a case-by-case basis, and the factors a court may consider include 'the nature or type of relationship, regardless of whether the relationship is sexual in nature; the frequency of interaction between the persons; and the duration of the relationship'" (Matter of Silverman v Leibowitz, 208 AD3d at 1333, quoting Family Ct Act § 812[1][e]; see Matter of Watson v Brown, _____ AD3d at _____, 2024 NY Slip Op 01191, *2).
"The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (Matter of Kane v Tung, 194 AD3d 718, 719 [internal quotation marks omitted]). Here, the Family Court properly determined that the petitioner and the respondent were not in an intimate relationship and that it therefore lacked subject matter jurisdiction (see Family Ct Act § 812[1][e]; Matter of Kane v Tung, 194 AD3d at 719).
Contrary to the petitioner's contention, she was not deprived of the effective assistance of counsel (see Matter of Stewart v Lassiter, 103 AD3d 734, 734). Viewed in totality, the record reveals that the petitioner received meaningful representation (see Sloan v Sloan, 224 AD3d 712, 714).
The Family Court providently exercised its discretion in enjoining the petitioner from filing future family offense petitions against the respondent without leave of court for a period of two years (see Matter of Valentin v Valentin, 187 AD3d 1024, 1026). There is ample basis in the record to support the court's determination to prevent the petitioner from engaging in further vexatious litigation (see Matter of Soumare v White, 214 AD3d 992, 994; Matter of Pignataro v Davis, 8 AD3d 487, 489).
IANNACCI, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court