Matter of A.G. v K.V.

2026 NY Slip Op 02598

April 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of A.G., Appellant,

v

K.., Respondent.

Decided and Entered: April 28, 2026

Docket No. O-07168/24|Appeal No. 6473|Case No. 2025-00359|

Before: Webber, J.P., Mendez, Rodriguez, O'Neill Levy, Michael, JJ.

A.G., appellant pro se.

Brill Legal Group, P.C., Hempstead (David Gray of counsel), for respondent.

[*1]

Order, Family Court, New York County (Genna D. Teitelbaum, Ref.), entered on or about January 9, 2025, which granted respondent's motion to dismiss the family offense petition, with prejudice, for lack of subject matter jurisdiction, unanimously modified, on the law, to the extent of deleting the phrase "with prejudice" in the decretal paragraph and otherwise affirmed, without costs.

Family Court properly determined that it lacked subject matter jurisdiction over the family offense petition, which was filed by petitioner against her adult stepson's wife. Although Family Court may have jurisdiction over parties who have a relationship of affinity, petitioner is not related by affinity to respondent, as respondent is not a blood relative of petitioner or petitioner's spouse (see Family Ct Act § 812[1]; Matter of Anstey v Palmatier, 23 AD3d 780, 780, 781 [3d Dept 2005]). Petitioner has a relationship of affinity with her stepson (see Matter of Arnold v Arnold, 119 AD3d 938, 939 [2d Dept 2014]), but that affinity does not extend to respondent. Nor does petitioner allege that she was in an "intimate relationship" with respondent within the meaning of Family Court Act § 812(1)(e) (see Matter of Singh v DiFrancisco, 141 AD3d 598, 599 [2d Dept 2016]). Rather, petitioner alleges only that she and respondent had a hostile relationship. She points to a few interactions over the course of the five years leading up to the filing of the petition and acknowledges that she and respondent did not live in the same home. These allegations are insufficient to confer jurisdiction upon Family Court (see Matter of Tyrone T. v Katherine M., 78 AD3d 545, 545 [1st Dept 2010]; Welch v Lyman, 100 AD3d 642 [2d Dept 2012]; see also Matter of Jessica D. v Jeremy H., 77 AD3d 87, 89 [3d Dept 2010]).

Nevertheless, Family Court should not have dismissed the proceeding with prejudice, as it did not reach the merits of the petition (see Matter of Daryl D. v Shameeka W., 161 AD3d 416 [1st Dept 2018]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 28, 2026