■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEFERA DEMISSE, Appellant. [804 NYS2d 743]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered April 3, 2003, convicting defendant, after a jury trial, of criminal contempt in the first degree and aggravated harassment in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and one year, respectively, unanimously modified, on the law, to the extent of reducing the conviction of criminal contempt in the first degree to criminal contempt in the second degree and reducing the sentence of 2 to 4 years to one year, and otherwise affirmed.

In order to be guilty of criminal contempt in the first degree, a defendant must intentionally place or attempt to place a person for whose protection an order of protection was issued "in reasonable fear of physical injury, serious physical injury or death" (Penal Law § 215.51 [b] [iii]). Where "reasonable fear" is an element of a crime, the fear must be objectively reasonable (*see* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.25). While defendant's repeated declarations of love (by telephone and in writing) caused great emotional distress to the victim, defendant never threatened, cursed, or yelled at the victim; his communications were neither abusive nor hostile in tone or in content, and they did not convey any implied threat of harm. Likewise, while defendant's long history of inappropriate comments and behavior was extremely upsetting to the victim, this course of conduct did not carry an express or implied threat of violence. Hence, a finding that defendant intentionally placed or attempted to place the victim "in reasonable fear of physical injury," let alone "serious physical injury or death," is not supported by legally sufficient evidence (*see People v Corichi*, 195 Misc 2d 518 [App Term 2003]). Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.