■ In the Matter of NONYEM C. ONUOHA, Appellant, v ROLAND E. ONUOHA, Respondent. (Proceeding No. 1.) In the Matter of RONALD E. ONUOHA, Respondent, v NONYEM C. ONUOHA, Appellant. (Proceeding No. 2.) [813 NYS2d 506]—

In related family offense proceedings pursuant to Family Court Act article 8, the wife, Nonyem C. Onuoha, appeals from (1) an order of the Family Court, Queens County (Heffernan, J.), dated April 12, 2005, which, after a hearing, dismissed her

petition for an order of protection against the husband, Roland E. Onuoha (proceeding No. 1), and (2) an order of protection of the same court, also dated April 12, 2005, which, inter alia, directed that she stay away from the husband (proceeding No. 2).

Ordered that the orders are affirmed, with one bill of costs.

We find no basis to disturb the Family Court's determination that the wife committed acts constituting menacing in the second degree, warranting the issuance of an order of protection against her (*see* Penal Law § 120.14; Family Ct Act § 812). The Family Court's determination as to the credibility of witnesses is entitled to great weight (*see Matter of DiRusso v Hendrick,* 264 AD2d 523 [1999]; *Matter of Tibichrani v Debs,* 230 AD2d 746 [1996]; *Matter of Cutrone v Cutrone,* 225 AD2d 767, 768 [1996]). Similarly, there is no basis to disturb the Family Court's dismissal of the wife's petition for an order of protection against the husband based upon its finding that the wife was "not . . . truthful."

Although the Family Court judge initially heard certain testimony from the wife's spiritual advisor, he properly excluded that testimony from evidence based upon the clergy-penitent privilege. A judge sitting as the trier of fact is presumed to be capable of ignoring inadmissible evidence (*see People v Brown,* 24 NY2d 168 [1969]; *People v Falu,* 138 AD2d 510, 512 [1988]).

During the course of the hearing with respect to her petition, the wife was given an opportunity to retain counsel. She was also granted an adjournment to allow her to obtain properly certified hospital records and failed to do so. In support of her claim that she was abused by the husband, the wife submitted certain hospital records which were not properly certified (*see* CPLR 2306 [a]). The Family Court erred in favor of the wife by admitting hospital records indicating that she suffered chest pains "possibly related" to stress, depression, or domestic abuse. Since her rights were scrupulously honored, she has no cause to complain. Prudenti, P.J., Florio, Goldstein and Lunn, JJ., concur.