OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered May 7, 2002, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the trial court’s determinations concerning credibility. The credited evidence established that the complainant, defendant’s former girlfriend, was put “in reasonable fear of physical injury” (Penal Law § 240.25) when, upon the expiration of a protective order issued on the complainant’s behalf, defendant “glared” at the complainant as she exited from her apartment building after repeatedly and “incessantly” ringing the outside doorbell at her apartment building at all hours of the night on at least three occasions (see generally People v Maloney, 233 AD2d 681, 682 [1996]; cf. People v Demisse, 24 AD3d 118 [2005]). On this record, and considering the defendant’s prior course of abusive conduct targeted at the complainant,* we are not prepared to say, as a matter of law, that it was not objectively reasonable (see People v Demisse, 24 AD3d 118 [2005], supra) for a person in complainant’s position — repeatedly awakened at night in her apartment by a jilted boyfriend’s persistent, “manic” doorbell ringing, and then glared at outside her apartment building by the ex-boyfriend — to have reasonably feared for her physical safety. Although the dissent seems to suggest otherwise, a finding of reasonable fear is not precluded by the complainant’s response during the final “bell ringing” incident in going downstairs to the building’s front vestibule to visually identify defendant through the building’s locked, glass entrance door — an action plausibly attributed by the complainant to prior police statements to her indicating that she “need[ed] to be the eyewitness when [defendant] is ringing the bell” — and in opening the door once defendant started to flee from the scene.
*62 We have considered and rejected defendant’s jurisdictional argument.

 We note that defendant in his appellate brief on appeal does not challenge the admission of evidence bearing on his prior hostile behavior. Were an evidentiary point properly before us, we would find no error in the admission of such proof, since the complainant’s “relevant knowledge” about and “prior experiences” with defendant were highly probative of the critical issue of the reasonableness of the complainant’s expressed fear (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.25).