■ In the Matter of DAYAWATHIE RANKOTH, Respondent, v SAMUEL SLOAN, Appellant. [844 NYS2d 357]—In a family offense proceeding pursuant to Family Court Act article 8, the appeal is from an order of protection of the Family Court, Queens County (Modica, J.), dated August 3, 2006, which, after a hearing and upon a finding that the appellant committed the family offense of disorderly conduct and two separate offenses of harassment in the second degree, directed him, inter alia, to stay away from the petitioner and three of her children until November 28, 2010.

Ordered that the order of protection is affirmed, without costs or disbursements.

Whether the appellant committed a cognizable family offense was a disputed factual issue, and the determination of the Family Court, as the trier of fact, regarding credibility of the wit-

nesses is entitled to great weight (*see Matter of Santiago v Friedman,* 35 AD3d 482 [2006]; *Matter of Rivera v Quinones-Rivera,* 15 AD3d 583, 584 [2005]). Contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that the appellant committed the offense of disorderly conduct and two separate offenses of harassment in the second degree, warranting the issuance of the order of protection (*see* Family Ct Act § 832; *Matter of Santiago v Friedman,* 35 AD3d 482 [2006]).

Moreover, there was sufficient evidence to support the finding of the existence of aggravating circumstances (*see Matter of Charles v Charles,* 21 AD3d 487 [2005]; Family Ct Act § 827 [a] [vii]). Accordingly, the Family Court properly issued an order of protection to remain in effect until November 28, 2010 (*see* Family Ct Act § 842). Miller, J.P., Ritter, Santucci and Dillon, JJ., concur.