■ In the Matter of ARTHUR FLEMING, Respondent, v ISOBEL FLEMING, Appellant. [859 NYS2d 739]—In a family offense proceeding pursuant to Family Court Act article 8, the wife appeals from an order of protection of the Family Court, Suffolk County (Luft, J.), dated June 13, 2007, which, after a hearing, inter alia, directed her to stay away from the husband until June 14, 2008.

Ordered that the order of protection is affirmed, without costs or disbursements.

The husband filed a family offense petition against the wife, seeking an order requiring her to stay away from him and the

residence in which he was living, and requiring her to refrain from any acts or threats of physical violence. Following a fact-finding hearing, the Family Court found that the wife committed two separate family offenses of harassment in the second degree, and issued an order of protection.

The wife asserts, inter alia, that the Family Court improperly credited the husband's testimony, that his testimony was internally inconsistent and inconsistent with other testimony and, in effect, that the husband failed to prove, by a fair preponderance of the evidence, that she committed two family offenses of harassment in the second degree.

"The determination of whether a family offense was committed is a factual determination to be resolved by the Family Court" (*Matter of Robinson v Bennett,* 49 AD3d 652 [2008]). " 'Where the Family Court is primarily confronted with issues of credibility, its factual determinations are afforded great weight on appeal' " (*Matter of Hijri v Fargaly,* 49 AD3d 737 [2008], quoting *Matter of Spillman v Spillman,* 40 AD3d 770, 770 [2007]; *see Matter of Robinson v Bennett,* 49 AD3d 652 [2008]; *Matter of Larson v Gilliam,* 49 AD3d 650 [2008]). Contrary to the wife's contention, a fair preponderance of the credible evidence supports the Family Court's determination that she committed two family offenses of harassment in the second degree, warranting the issuance of the order of protection (*see* Family Ct Act § 832; Penal Law § 240.26 [3]; *Matter of Larson v Gilliam,* 49 AD3d 650 [2008]; *Matter of Robbins v Robbins,* 48 AD3d 822 [2008]; *Matter of Rankoth v Sloan,* 44 AD3d 863, 864 [2007]; *Matter of Vankeuren v Craft,* 39 AD3d 763, 763-764 [2007]; *Matter of Santiago v Friedman,* 35 AD3d 482 [2006]).

The wife's remaining contentions are without merit. Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.