■ In the Matter of LAWRENCE G. NUSBAUM, Respondent, v SUSAN NUSBAUM, Appellant. [874 NYS2d 378]—In a family offense proceeding pursuant to Family Court Act article 8, the wife appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Westchester County (Devlin, J.), dated December 7, 2007, as, after fact-finding and dispositional hearings, was entered upon a fact-finding order of the same court dated August 8, 2007, finding that she committed the family offenses of disorderly conduct and harassment in the second degree.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court" (*Matter of Kraus v Kraus,* 26 AD3d 494, 495 [2006]; *see Matter of Lallmohamed v Lallmohamed,* 23 AD3d 562 [2005]; *Matter of King v Flowers,* 13 AD3d 629 [2004]), and its determinations regarding the credibility of witnesses are entitled to great weight on appeal (*see Matter of Topper v Topper,* 271 AD2d 613 [2000]; *Matter of Hallissey v Hallissey,* 261 AD2d 544 [1999]; *Matter of Dendy v Bonelli,* 260 AD2d 633 [1999]). Contrary to the wife's contention, there was legally sufficient proof that she committed acts constituting the family offenses of harassment in the second degree and disorderly conduct, and those offenses were also proved by a preponderance of the evidence (*see* Family Ct Act §§ 812, 832; Penal Law §§ 240.20, 240.26 [3]; *Matter of Fleming v Fleming,* 52 AD3d 600 [2008]; *Matter of Rankoth v Sloan,* 44 AD3d 863 [2007]; *Matter of Bhanote v Bhanote,* 22 AD3d 490 [2005]; *Matter of Sarmuksnis v Priest,* 21 AD3d 381, 383 [2005]; *Matter of Platsky v Platsky,* 237 AD2d 610 [1997]). Fisher, J.P., Florio, Dickerson and Belen, JJ., concur.