In the Matter of SIGAL GENZEN, Respondent, v SAMUEL GENZEN, Appellant. [902 NYS2d 425]—In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of protection of the Family Court, Rockland County (Christopher, J.), dated November 2, 2009, which, after hearing, and upon, in effect, a finding that he committed two separate offenses of harassment in the second degree, directed him, inter alia, to refrain from committing any acts of assault, stalking, harassment, aggravated harassment, menacing, reckless endangerment, disorderly conduct, intimidation, criminal mischief, threats, or any criminal offense, and from using any corporal punishment against the parties' four minor children, and (2) an order of the same court, also dated November 2, 2009, which directed him to enroll in and attend a 26-week domestic violence program at the Volunteer Counseling Service of Rockland County. By decision and order on motion of this Court dated January 12, 2010, enforcement of so much of the second order as directed the father to attend a 26-week domestic violence program was stayed pending hearing and determination of the appeals.

Ordered that the order of protection and the order are affirmed, without costs or disbursements.

The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal (*see Matter of Nusbaum v Nusbaum,* 59 AD3d 725 [2009]; *Matter of Fleming v Fleming,* 52 AD3d 600 [2008]; *Matter of Charles v Charles,* 21 AD3d 487 [2005]). The evidence supports the Family Court's determination that the appellant committed two family offenses of harassment in the second degree, warranting the issuance of the order of protection (*see* Family Ct Act § 842; Penal Law § 240.26 [1]; *Matter of Larson v Gilliam,* 49 AD3d 650 [2008]; *Matter of Rankoth v Sloan,* 44 AD3d 863 [2007]; *Matter of Dell'Isola v Dell'Isola,* 19 AD3d 488 [2005]). Additionally, the Family Court properly directed the appellant to enroll in and attend a 26-week domestic violence program at the Volunteer Counseling Service of Rockland County (*see* Family Ct Act § 842 [g]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.