■ In the Matter of LISA NETTLES, Respondent, v SHAOMARI FEARRINGTON, Appellant. [943 NYS2d 904]—In a family offense proceeding pursuant to Family Court Act article 8, Shaomari Fearrington appeals from an order of protection of the Family Court, Suffolk County (Burke, Ct. Atty. Ref.), dated May 24, 2011, which, after a hearing, and, in effect, upon a finding that he had committed the family offenses of disorderly conduct, harassment in the first degree, and harassment in the second degree, directed him, inter alia, to stay away from the petitioner until and including May 10, 2013.

Ordered that the order of protection is affirmed, without costs or disbursements.

"The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal" (*Matter of Genzen v Genzen*, 74 AD3d 1196, 1196 [2010]). Here, the Family Court properly, in effect, found, by a preponderance of the evidence, that the appellant committed the family offenses of disorderly conduct, harassment in the first degree, and harassment in the second degree, warranting the issuance of the order of protection (*see* Family Ct Act § 842; Penal Law §§ 240.20, 240.25, 240.26; *Matter of Hunt v Hunt*, 51 AD3d 924, 925 [2008]; *Matter of Bonsignore v Bonsignore*, 37 AD3d 602 [2007]; *Matter of De La Cruz v Colon*, 16 AD3d 496 [2005]).

Since the Family Court did not find that the appellant committed the family offense of aggravated harassment in the second degree, we need not reach the appellant's contention regarding that family offense. Dillon, J.P., Florio, Lott and Sgroi, JJ., concur.