In two related family offense proceedings pursuant to Family Court Act article 8, Cory Pánico appeals from (1) an order of protection of the Family Court, Queens County (Bogaez, J.), *908 dated August 26, 2011, entered in proceeding No. 1, which, upon a finding that he had committed the family offenses of harassment in the first degree and assault in the third degree against Cindy Pánico, made after a hearing, directed him, inter alia, to stay away from Cindy Pánico until and including July 28, 2013, and (2) an order of protection of the same court, also dated August 26, 2011, entered in proceeding No. 2, which, upon a finding that he had committed the family offense of attempted assault in the third degree against Albert Pánico, made after the same hearing, directed him, inter alia, to stay away from Albert Pánico until and including July 28, 2013.
Ordered that the orders of protection are affirmed, without costs or disbursements.
“The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court” (Matter of Sblendorio v D’Agostino, 60 AD3d 773, 773 [2009]; see Matter of Asgedom v Asgedom, 51 AD3d 787, 787-788 [2008]; Matter of Kraus v Kraus, 26 AD3d 494, 495 [2006]). Here, the Family Court failed to state on the record the facts which it deemed essential to its determinations to grant the petitions for orders of protection (see CPLR 4213 [b]; Matter of Jose L.I., 46 NY2d 1024, 1025-1026 [1979]; Matter of Sperling v Sperling, 96 AD3d 1067 [2012]; Matter of Drury v Drury, 90 AD3d 754, 755 [2011]). However, remittal to the Family Court is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Jose L.I., 46 NY2d at 1026; Matter of Sperling v Sperling, 96 AD3d at 1067; Matter of Destiny H. [Valerie B.], 83 AD3d 939 [2011]). Upon such review, we conclude that the evidence adduced at the hearing established, by a preponderance of the evidence, that the appellant committed the family offenses of harassment in the first degree and assault in the third degree against Cindy Pánico, and the family offense of attempted assault in the third degree against Albert Pánico, warranting the issuance of orders of protection {see Family Ct Act §§ 812 [1]; 832; Penal Law §§ 240.25, 110.00, 120.00). Balkin, J.P, Roman, Sgroi and Cohen, JJ., concur.