■ In the Matter of AMY R., Respondent, v MITCHELL R., Appellant. [965 NYS2d 181]—In a family offense proceeding pursuant to Family Court Act article 8, Mitchell R. appeals from two orders of protection of the Family Court, Queens County (Hunt, J.), both dated January 24, 2012, which, after a hearing, and upon a finding that he committed the family offense of harassment in the second degree, inter alia, directed him to stay away from Amy R., and to refrain from harassing Brandon R., respectively.

Ordered that the orders of protection are affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Pearlman v Pearlman*, 78 AD3d 711, 712 [2010]). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record" (*Matter of Richardson v Richardson*, 80 AD3d 32, 43-44 [2010]; *see Matter of Smith v Amedee*, 101 AD3d 1033 [2012]). Contrary to the appellant's contention, a fair preponderance of the credible evidence supported the Family Court's determination that he committed acts which constituted the family offense of harassment in the second degree (*see* Penal Law § 240.26 [2], [3]; *Matter of Jackson v Idlett*, 103 AD3d 723 [2013]; *Matter of Kanterakis v Kanterakis*, 102 AD3d 784 [2013]; *Matter of Smith v Amedee*, 101 AD3d 1033 [2012]).

The appellant's remaining contention is without merit. Skelos, J.P., Hall, Lott and Hinds-Radix, JJ., concur.