■ In the Matter of JEAN HON, Respondent, v TIN YAT CHIN, Appellant. [985 NYS2d 904]—

In a family offense proceeding pursuant to Family Court Act article 8, Tin Yat Chin appeals from an order of protection of the Family Court, Queens County (Lebwohl, J.), dated January 23, 2013, which, after a hearing, and upon a finding that he committed the family offenses of disorderly conduct, harassment in the first degree, menacing in the second degree, and reckless endangerment in the second degree, directed him, inter alia, to stay away from the petitioner until and including January 23, 2015.

Ordered that the order of protection is affirmed, without costs or disbursements.

"The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute" (*Matter of Welch v Lyman*, 100 AD3d 642, 643 [2012]). Pursuant to

Family Court Act § 812, the Family Court has concurrent jurisdiction with the criminal courts over proceedings concerning certain criminal acts occurring "between spouses or former spouses, or between parent and child or between members of the same family or household" (Family Ct Act § 812 [1]). For purposes of Family Court Act article 8, "members of the same family or household" include "persons related by consanguinity or affinity" (Family Ct Act § 812 [1] [a]). The appellant concedes that he is the uncle of the petitioner. Thus, contrary to the appellant's contention, he and the petitioner are "members of the same family or household," and the Family Court had subject matter jurisdiction over this proceeding.

In a family offense proceeding, the allegations asserted in a petition seeking the issuance of an order of protection must be supported by "a fair preponderance of the evidence" (Family Ct Act § 832). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed if supported by the record (see Matter of Gray v Gray, 55 AD3d 909, 909 [2008]; Matter of Kraus v Kraus, 26 AD3d 494, 495 [2006]). While the record does not support a determination that the appellant committed the family offense of reckless endangerment in the second degree against the petitioner, even if he committed that offense against other members of the subject household, a fair preponderance of the credible evidence supports the Family Court's determination that the appellant committed the family offenses of menacing in the second degree and harassment in the first degree against the petitioner, as well as disorderly conduct, thus warranting the issuance of an order of protection (see Matter of Banks v Opoku, 109 AD3d 470, 470 [2013]; Matter of Nettles v Fearrington, 95 AD3d 1131, 1131 [2012]; Matter of Gray v Gray, 55 AD3d at 909-910; Matter of Rankoth v Sloan, 44 AD3d 863, 864 [2007]; Matter of Onuoha v Onuoha, 28 AD3d 563, 564 [2006]).

The appellant's remaining contentions are without merit. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.