In the Matter of Delisemarie Abatantuno, Respondent, v Michael A. Abatantuno, Appellant. [989 NYS2d 331]—

In a family offense proceeding pursuant to Family Court Act article 8, Michael A. Abatantuno appeals from an order of protection of the Family Court, Nassau County (Stack, J.H.O.), dated October 22, 2013, which, after a hearing, and upon a finding, in effect, that he committed the family offenses of criminal mischief in the fourth degree and harassment in the second degree, directed him, inter alia, to stay away from the petitioner and the parties' children except for parenting time as agreed to between the parties or pursuant to a court order until and including October 21, 2014.

Ordered that the order of protection is affirmed, without costs or disbursements.

A family offense must be established by a fair preponderance of the evidence (*see* Family Ct Act § 832; *Matter of Saldivar v Cabrera,* 109 AD3d 831 [2013]; *Matter of Parameswar v Parameswar,* 109 AD3d 473, 474 [2013]; *Matter of Bazante v Bazante,* 107 AD3d 707 [2013]). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal and will not be disturbed unless clearly unsupported by the record (*see Matter of Winfield v Gammons,* 105 AD3d 753 [2013]; *Matter of Jackson v Idlett,* 103 AD3d 723 [2013]; *Matter of Kanterakis v Kanterakis,* 102 AD3d 784, 785 [2013]). Here, although the Family Court made certain credibility findings, it failed to state the facts that it deemed essential to its determination to grant the petition for an order of protection (*see* CPLR 4213 [b];

*Matter of Jose L.I.*, 46 NY2d 1024, 1025-1026 [1979]). However, remittal to the Family Court is not necessary because the record is sufficient for this Court to conduct an independent review of the evidence (*see Matter of Jose L.I.*, 46 NY2d at 1026; *Matter of Son v Ramos*, 117 AD3d 745 [2014]; *Matter of Panico v Panico*, 100 AD3d 907, 908 [2012]). Upon such review, we conclude that the evidence adduced at the hearing established, by a preponderance of the evidence, that the appellant committed the family offenses of criminal mischief in the fourth degree and harassment in the second degree, warranting the issuance of the order of protection (*see* Family Ct Act §§ 812 [1]; 832; Penal Law §§ 145.00 [1]; 240.26 [3]). Rivera, J.P., Sgroi, Cohen and Barros, JJ., concur.