◼ In the Matter of TAB FILIPOWSKI, Respondent, v MARIA SULLIVAN-TIRELLI, Appellant. [30 NYS3d 825]—

Appeal from an order of the Family Court, Orange County (Lori Currier Woods, J.), entered April 28, 2015. The order, after a hearing, found that the appellant committed the family offenses of harassment in first degree and harassment in the second degree, and directed the appellant to observe the conditions of an order of protection dated April 8, 2015, which, inter alia, directed her to stay away from the petitioner for a period of two years.

Ordered that the order entered April 28, 2015, is modified, on the facts, by deleting the provision thereof finding that the appellant committed the family offense of harassment in the first degree; as so modified, the order entered April 28, 2015, is affirmed, without costs or disbursements.

The petitioner commenced this family offense proceeding against the appellant pursuant to Family Court Act article 8. After a hearing, the Family Court found that the appellant committed the family offenses of harassment in the first degree and harassment in the second degree and issued an order of protection, inter alia, directing the appellant to stay away from the petitioner for a period of two years.

Contrary to the appellant's contention, the petitioner established that the parties were in an "intimate relationship" over a course of three years prior to the events in question, and therefore, he had standing to commence a family offense proceeding against her (Family Ct Act § 812 [1] [e]; *see Matter of Winston v Edwards-Clarke*, 127 AD3d 771, 773 [2015]; *cf. Matter of Cambre v Kirton*, 130 AD3d 926, 927 [2015]).

While the petitioner established, by a preponderance of the evidence, that the appellant committed the family offense of harassment in the second degree (*see* Penal Law § 240.26; *Matter of Kappel v Kappel*, 234 AD2d 872, 873 [1996]; *People v Price*, 178 Misc 2d 778 [Crim Ct, NY County 1998]), the evidence failed to establish that the appellant's conduct put the petitioner "in reasonable fear of physical injury" (Penal Law § 240.25). Accordingly, we exercise our factual review power to vacate the finding of harassment in the first degree (*see Matter of Tyrone T. v Katherine M.*, 78 AD3d 545 [2010]; *People v Montague*, 39 Misc 3d 151[A], 2013 NY Slip Op 50982[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; *cf. People v Henderson*, 12 Misc 3d 60, 61 [App Term, 1st Dept 2006]).

Taken as a whole, the record reveals that the hearing was conducted in a fair and impartial manner, and that the determination was not the result of any alleged bias on the part of the Family Court (*see Matter of Harris v Kaplin*, 102 AD3d 692, 693 [2013]; *see also Roundtree v Singh*, 143 AD2d 995, 996 [1988]).

Giving due consideration to the circumstances of this case, there is no basis to disturb the order of protection (*see* Family Ct Act § 842; *Matter of Lang v Dolphy*, 128 AD3d 700 [2015]). Chambers, J.P., Cohen, Duffy and Connolly, JJ., concur.