■ In the Matter of WILLIE CRENSHAW, Respondent, v CHANIZE THORPE-CRENSHAW, Appellant. [45 NYS3d 555]—

Appeal by the mother from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated August 24, 2015. The order, after a hearing, found that the mother committed the family offenses of harassment in the "first or second degree" and criminal mischief, and directed her to observe the conditions of an order of protection dated August 20, 2015.

Ordered that the order dated August 24, 2015, is modified, on the facts, by deleting the provision thereof finding that the mother committed the family offense of criminal mischief; as so modified, the order is affirmed, without costs or disbursements.

In May 2015, the father commenced this family offense proceeding pursuant to Family Court Act article 8 against the mother. After a hearing, the Family Court found that the mother committed the family offenses of harassment in the "first or second degree" and criminal mischief, and directed her to observe the conditions of an order of protection dated August 20, 2015, which, inter alia, directed her to stay away from the father and the child Chyna C. (hereinafter the child) for a period of one year.

Initially, although the order of protection issued by the Family Court in connection with the father's family offense petition expired by its own terms on August 20, 2016, the appeal has not been rendered academic " 'given the totality of the enduring legal and reputational consequences of the contested order

of protection' " (*Matter of Pierre v Dal*, 142 AD3d 1021, 1022 [2016], quoting *Matter of Veronica P. v Radcliff A.*, 24 NY3d 668, 673 [2015]; *see Matter of Niyazova v Shimunov*, 134 AD3d 1122, 1122 [2015]).

In a family offense proceeding, "the allegations must be 'supported by a fair preponderance of the evidence' " (*Matter of Jordan v Verni*, 139 AD3d 1067, 1068 [2016], quoting Family Ct Act § 832). " 'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record' " (*Matter of Jordan v Verni*, 139 AD3d at 1068, quoting *Matter of Jackson v Idlett*, 103 AD3d 723, 723 [2013]).

Here, while the evidence adduced at the hearing established, by a fair preponderance of the evidence, that the mother committed acts which constituted the family offenses of harassment in the first and second degrees (*see* Penal Law §§ 240.25, 240.26 [1]; *Matter of Savas v Bruen*, 139 AD3d 737, 738 [2016]; *Matter of Kiani v Kiani*, 134 AD3d 1036, 1037-1038 [2015]; *Matter of Konstatine v Konstatine*, 107 AD3d 994, 994-995 [2013]; *Matter of Panico v Panico*, 100 AD3d 907, 908 [2012]), the evidence failed to establish that the mother committed acts which constituted the family offense of criminal mischief (*see* Penal Law § 145.00 [1]). Accordingly, we exercise our factual review power to vacate the finding that the mother committed the family offense of criminal mischief (*see Matter of Filipowski v Sullivan-Tirelli*, 139 AD3d 1063, 1064 [2016]).

Further, the evidence adduced at the hearing supported the issuance of the order of protection (*see Matter of Monos v Monos*, 123 AD3d 931, 932 [2014]; *Matter of Mistretta v Mistretta*, 85 AD3d 1034, 1035 [2011]). Chambers, J.P., Roman, Maltese and Barros, JJ., concur.