◼ In the Matter of RUCIEN M. PORTER, Respondent, v SHAWNTE MOORE, Appellant. [53 NYS3d 174]—

Appeals by Shawnte Moore from an order of fact-finding and disposition of the Family Court, Dutchess County (Tracy C.

MacKenzie, J.), dated April 27, 2016, and an order of protection of that court also dated April 27, 2016. The order of fact-finding and disposition, after a hearing, found that Shawnte Moore committed family offenses and directed her to comply with the terms of the order of protection for a period of no more than two years. The order of protection, inter alia, directed her to refrain from having any contact with the petitioner through April 27, 2018.

Ordered that the order of fact-finding and disposition is modified, on the facts, by deleting the provisions thereof finding that the appellant committed the family offenses of reckless endangerment and criminal mischief; as so modified, the order of fact-finding and disposition is affirmed, without costs or disbursements; and it is further,

Ordered that the order of protection is affirmed, without costs or disbursements.

In October 2015, the petitioner commenced this family offense proceeding pursuant to Family Court Act article 8 against the appellant, the mother of one of his children. After a hearing, the Family Court found that the appellant committed the family offenses of "harassment in the first or second degree," "menacing in the second or third degree," reckless endangerment, and criminal mischief, and directed her to comply with an order of protection, dated April 27, 2016, for a period of not more than two years. The order of protection, inter alia, directed the appellant to refrain from contact with the petitioner through April 27, 2018.

In a family offense proceeding, the allegations must be proven by a "fair preponderance of the evidence" (*Matter of Bah v Bah*, 112 AD3d 921, 922 [2013]; *see* Family Ct Act § 832). The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record (*see Matter of Henderson v Henderson*, 137 AD3d 911 [2016]; *Matter of Musheyev v Musheyev*, 126 AD3d 800, 801 [2015]; *Matter of Parameswar v Parameswar*, 109 AD3d 473, 474 [2013]; *Matter of Nusbaum v Nusbaum*, 59 AD3d 725 [2009]). Here, while the Family Court made credibility findings, it failed to state the facts that it deemed essential to its determination to grant the family offense petition and order of protection (*see* CPLR 4213 [b]; *Matter of Abatantuno v Abatantuno*, 119 AD3d 779 [2014]). However, remittal to the Family Court is not necessary because the record is sufficient for this Court to conduct an indepen-

dent review of the evidence (*see Matter of Abatantuno v Abatantuno*, 119 AD3d at 780). Upon such review, we conclude that a fair preponderance of the evidence adduced at the hearing established that the appellant committed the family offenses relating to harassment (*see Matter of Amy R. v Mitchell R.*, 106 AD3d 923 [2013]; *Matter of Panico v Panico*, 100 AD3d 907 [2012]; *Matter of Nettles v Fearrington*, 95 AD3d 1131 [2012]) and menacing (*see Matter of Kiani v Kiani*, 134 AD3d 1036 [2015]; *Matter of Kaur v Singh*, 112 AD3d 933 [2013]).

However, contrary to the Family Court's findings, the petitioner failed to establish by a fair preponderance of the evidence that the appellant committed the family offense of reckless endangerment, since the appellant's actions did not create a substantial risk of serious physical injury (*see* Penal Law § 120.20; *Matter of Campbell v Campbell*, 123 AD3d 1123, 1124-1125 [2014]).

Further, the petitioner failed to establish by a fair preponderance of the evidence that the appellant committed acts which constituted the family offense of criminal mischief, as there was no proof of property damage by the appellant (*see* Penal Law § 145.00 [1]; *Matter of Crenshaw v Thorpe-Crenshaw*, 146 AD3d 951 [2017]; *Matter of Campbell v Campbell*, 123 AD3d at 1125).

Finally, the evidence adduced at the hearing supported the issuance of the order of protection (*see Matter of Crenshaw v Thorpe-Crenshaw*, 146 AD3d at 952). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.