Matter of Thaxton v Chapman (2018 NY Slip Op 05052)





Matter of Thaxton v Chapman


2018 NY Slip Op 05052


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2017-07269
 (Docket No. O-410-17)

[*1]In the Matter of Sonia Thaxton, respondent, 
v
Luis Chapman, appellant.


John F.X. Burke, Goshen, NY, for appellant.
Karen M. Jansen, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), entered June 5, 2017. The order, after a fact-finding hearing, and upon a finding that the father committed a family offense within the meaning of Family Court Act § 812, granted the mother's petition and directed the father, for a period not to exceed two years, to observe the conditions of behavior specified in an order of protection entered April 14, 2017.
ORDERED that the order entered June 5, 2017, is affirmed, without costs or disbursements.
"In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence,' that the charged conduct was committed as alleged in the petition" (Matter of Cassie v Cassie, 109 AD3d 337, 340, quoting Family Ct Act § 832; see Matter of Frimer v Frimer, 143 AD3d 895, 896; Matter of Bah v Bah, 112 AD3d 921). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083; see Matter of Henderson v Henderson, 137 AD3d 911, 912; Matter of Abatantuno v Abatantuno, 119 AD3d 779; Matter of Creighton v Whitmore, 71 AD3d 1141).
Contrary to the appellant's contention, a fair preponderance of the credible evidence supports the Family Court's determination that he committed the family offense of harassment in the second degree, warranting the issuance of an order of protection (see Family Ct Act §§ 812[1]; 832, 841[d]; cf. Penal Law § 240.26[2]).
MASTRO, J.P., ROMAN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court