Matter of Howard v Howard (2020 NY Slip Op 02055)





Matter of Howard v Howard


2020 NY Slip Op 02055


Decided on March 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-05901
2019-05903
2019-05926
 (Docket Nos. O-28925-17, O-10625-18)

[*1]In the Matter of Anasha S. Howard, respondent,
v
Gregston Howard, appellant. (Proceeding No. 1)
In the Matter of Gregston Howard, appellant,
v
Anasha S. Howard, respondent. (Proceeding No. 2)


Christian P. Myrill, Jamaica, NY, for appellant.
Tennille M. Tatum-Evans, New York, NY, for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, Gregston Howard appeals from (1) an order of dismissal of the Family Court, Kings County (Dean T. Kusakabe, J.), dated May 15, 2019, (2) an order of fact-finding and disposition of the same court, also dated May 15, 2019, and (3) an order of protection of the same court, also dated May 15, 2019. The order of dismissal, after a hearing, dismissed Gregston Howard's family offense petition filed on April 24, 2018, against Anasha Howard. The order of fact-finding and disposition, after a hearing, upon a finding that Gregston Howard had committed the family offense of harassment in the second degree, granted Anasha Howard's family offense petition. The order of protection directed Gregston Howard to refrain from, inter alia, assaulting, stalking, or harassing Anasha Howard until and including May 15, 2021.
ORDERED that the orders are affirmed, without costs or disbursements.
The appellant is the stepson of Anasha Howard (hereinafter Anasha). In 2017, the appellant resided in the basement apartment of a house co-owned by his father and Anasha, who lived upstairs. In October 2017, Anasha filed a family offense petition against the appellant (hereinafter the October 2017 petition) seeking an order of protection against the appellant alleging, inter alia, that the appellant committed the family offense of harassment in the second degree. In April 2018, the appellant filed a family offense petition against Anasha (hereinafter the April 2018 petition) alleging, among other things, that Anasha committed the family offense of harassment in the second degree. After a fact-finding hearing on the family offense petitions over the course of five days, the Family Court found, inter alia, that Anasha proved by a preponderance of the evidence that the appellant committed the family offense of harassment in the second degree, and that the appellant did not sustain his burden of proof on his April 2018 petition.
By order of fact-finding and disposition dated May 15, 2019, the Family Court granted Anasha's October 2017 petition. On the same date, the court issued an order of protection directing the appellant to refrain from engaging in any family offense behavior toward Anasha until and including May 15, 2021. By order of dismissal, also dated May 15, 2019, the court dismissed the appellant's April 2018 petition.
"The allegations in a family offense proceeding must be supported by a fair preponderance of the evidence'" (Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340, quoting Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083; see Matter of Qin Fen Wang v Chee Kiang Foo, 171 AD3d 1187, 1189).
We agree with the Family Court's determination that it was established, by a fair preponderance of the evidence, that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[1], [3]; see Family Ct Act § 812[1]; Matter of Rall v Phillips, 177 AD3d 641; Matter of Siwiec v Siwiec, 154 AD3d 861). Here, the court was presented with conflicting testimony, and its determination that the appellant had committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Vella v Dillman, 160 AD3d 883, 884; Matter of Winfield v Gammons, 105 AD3d 753). Moreover, the intent to commit harassment in the second degree was properly inferred from the appellant's threatening conduct and use of abusive language directed at Anasha, which frightened her and served no legitimate purpose (see Matter of Washington v Washington, 158 AD3d 717, 718). Accordingly, there is no basis to disturb the order of protection (see Matter of Rall v Phillips, 177 AD3d at 642; Matter of Washington v Washington, 158 AD3d at 719).
We agree with the Family Court's determination that the appellant failed to establish by a preponderance of the evidence that Anasha committed a family offense based on the incidents alleged in his April 2018 petition, and therefore, to dismiss that petition (see Matter of Little v Renz, 137 AD3d 916, 916-917; Matter of Ozdemir v Riley, 101 AD3d 884, 885).
The appellant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court