Matter of Rani v Ahmad (2020 NY Slip Op 03666)





Matter of Rani v Ahmad


2020 NY Slip Op 03666


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-09604
 (Index No. O-5659-18)

[*1]In the Matter of Salma Rani, appellant,
v
Awais Ahmad, respondent.


Allan D. Shafter, Port Washington, NY, for appellant.



DECISION & ORDER
In a family offense proceeding pursuant to Family Court Act article 8, the petitioner appeals from an order of the Family Court, Queens County (Lauren Norton-Lerner, Ct. Atty. Ref.), dated June 12, 2018. The order, after a hearing, inter alia, in effect, denied the family offense petition and dismissed the proceeding.
ORDERED that the order is affirmed, without costs or disbursements.
The petitioner commenced this proceeding pursuant to Family Court Act article 8, alleging that the respondent had committed various family offenses against her. After a hearing, the Family Court, inter alia, in effect, denied the family offense petition and dismissed the proceeding. The petitioner appeals.
In a family offense proceeding, the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the charged conduct was committed as alleged in the petition (see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Porter v Moore, 149 AD3d 1082, 1083). Here, we agree with the Family Court's determination, after a hearing, that the petitioner failed to establish, by a fair preponderance of the evidence, that the respondent committed a family offense. Accordingly, we agree with the court's determination, in effect, denying the family offense petition.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court