Matter of Stringer v Grant (2020 NY Slip Op 06132)





Matter of Stringer v Grant


2020 NY Slip Op 06132


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-11328 
2019-11330
2019-11331
 (Docket Nos. O-12867-17, O-13146-17)

[*1]In the Matter of Robert L. Stringer, appellant,
v
Kinda Grant, respondent. (Appeal No. 1.)
In the Matter of Kinda Grant, respondent,Robert L. Stringer, appellant. (Appeal Nos. 2 and 3.)


Michael E. Lipson, Jericho, NY, for appellant.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, Robert L. Stringer appeals from (1) an order of dismissal of the Family Court, Kings County (Danielle M. Rodriguez, R.), dated July 25, 2018, (2) an order of fact-finding and disposition of the same court dated July 30, 2018, and (3) an order of protection of the same court also dated July 30, 2018. The order of dismissal, after a hearing, dismissed a family offense petition filed by Robert L. Stringer. The order of fact-finding and disposition, after a hearing, upon a finding that Robert L. Stringer had committed the family offense of harassment in the second degree, granted a family offense petition filed by Kinda Grant. The order of protection directed Robert L. Stringer to refrain from, inter alia, assaulting, stalking, or harassing Kinda Grant until and including July 29, 2019.
ORDERED that the order of dismissal, the order of fact-finding and disposition, and the order of protection are affirmed, without costs or disbursements.
The appellant and Kinda Grant (hereinafter Kinda) have a child in common, born in August 2015. In early May 2017, Kinda filed a family offense petition against the appellant (hereinafter Kinda's petition) seeking an order of protection against the appellant. Kinda alleged, inter alia, that the appellant committed the family offense of harassment in the second degree. Less than a week later, the appellant filed a family offense petition against Kinda (hereinafter the appellant's petition) alleging, among other things, that Kinda committed the family offense of harassment in the second degree. After a hearing, the Family Court found, inter alia, that Kinda proved by a preponderance of the evidence that the appellant committed the family offense of harassment in the second degree, and that the appellant did not sustain his burden of proof on the appellant's petition. By order of dismissal dated July 25, 2018, the court dismissed the appellant's petition. By order of fact-finding and disposition dated July 30, 2018, the court granted Kinda's petition. Also on July 30, 2018, the court issued an order of protection directing the appellant to refrain from, among other things, assaulting, stalking, or harassing Kinda until and including July 29, 2019.
Although the order of protection expired by its own terms on July 29, 2019, the appeal from that order has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 673; Matter of Saquipay v Puzhi, 160 AD3d 879, 879).
"The allegations in a family offense proceeding must be 'supported by a fair preponderance of the evidence'" (Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340, quoting Family Ct Act § 832). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record'" (Matter of Howard v Howard, 181 AD3d 894, 895, quoting Matter of Porter v Moore, 149 AD3d 1082, 1083; see Matter of Qin Fen Wang v Chee Kiang Foo, 171 AD3d 1187, 1189).
We agree with the Family Court's determination that Kinda established, by a fair preponderance of the evidence, that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[1]; see Family Ct Act § 812[1]; Matter of Howard v Howard, 181 AD3d at 895). The court was presented with conflicting testimony, and its determination that the appellant committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Howard v Howard, 181 AD3d at 895; Matter of Vella v Dillman, 160 AD3d 883, 884). Moreover, contrary to the appellant's contentions, the intent to commit harassment in the second degree was properly inferred from the appellant's conduct, which, inter alia, frightened and alarmed Kinda and served no legitimate purpose (see Matter of Howard v Howard, 181 AD3d at 895; Matter of Washington v Washington, 158 AD3d 717, 718). Accordingly, there is no basis to disturb the order of protection (see Matter of Howard v Howard, 181 AD3d at 895; Matter of Rall v Phillips, 177 AD3d 641, 642; Matter of Washington v Washington, 158 AD3d at 719).
Contrary to the appellant's contention, the Family Court providently exercised its discretion in declining to issue a suspended judgment since the evidence established that the appellant forcibly pushed Kinda in the presence of their child, causing Kinda to fall backwards onto the child (see Family Ct Act § 841).
The appellant's remaining contention is without merit.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court