Matter of Bunin v Bunin (2020 NY Slip Op 06120)





Matter of Bunin v Bunin


2020 NY Slip Op 06120


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-10221
 (Docket No. O-2802-18)

[*1]In the Matter of Linda Bunin, respondent,
v
Michael Bunin, appellant.


Tammi D. Pere, Jamaica, NY, for appellant.
David Laniado, Cedarhurst, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Michael Bunin appeals from an order of protection of the Family Court, Queens County (Mildred T. Negron, J.), dated July 30, 2018. The order of protection, upon a finding that Michael Bunin committed the family offenses of harassment in the second degree, attempted assault in the third degree, and menacing in the third degree, made after a fact-finding hearing, directed him, inter alia, to stay away from the petitioner's home until and including July 29, 2019.
ORDERED that upon the appeal from the order of protection, so much of the finding as found that Michael Bunin committed the family offense of attempted assault in the third degree is vacated; and it is further,
ORDERED that the order of protection is affirmed, without costs or disbursements.
In 2018, the petitioner commenced this family offense proceeding against the appellant. After a fact-finding hearing, the Family Court found that the appellant had engaged in conduct constituting the family offenses of harassment in the second degree, attempted assault in the third degree, and menacing in the third degree. Based on those findings, the court issued an order of protection directing the appellant, among other things, to stay away from the petitioner's home until and including July 29, 2019.
Although the order of protection expired by its own terms on July 29, 2019, the appeal has not been rendered academic in light of the enduring consequences which may flow from a finding that the appellant committed a family offense (see Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671-673; Matter of Martinez v Aguilar, 180 AD3d 915, 915).
"A family offense must be established by a fair preponderance of the evidence" (Matter of Washington v Washington, 158 AD3d 717, 718; see Family Ct Act § 832). "The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record" (Matter of Gjelaj v Gjelaj, 168 AD3d 937, 938).
Here, the Family Court's credibility determinations are supported by the record and will not be disturbed. However, even according due deference to those determinations, the evidence presented at the fact-finding hearing failed to establish that the appellant committed acts which constituted the family offense of attempted assault in the third degree (Penal Law §§ 110.00, 120.00[1]). "A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime" (Penal Law § 110.00). Here, a preponderance of the evidence failed to demonstrate that the appellant acted with the intent "to cause physical injury" to the petitioner (Penal Law § 120.00[1]; see Penal Law § 110.00).
A preponderance of the evidence nevertheless established that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[1]) and menacing in the third degree (Penal Law § 120.15). Since the evidence adduced at the hearing supported the issuance of the order of protection (see Matter of Mistretta v Mistretta, 85 AD3d 1034, 1035), there is no basis to disturb the order of protection on this appeal (see Matter of Filipowski v Sullivan-Tirelli, 139 AD3d 1063, 1064; Matter of Pochat v Pochat, 125 AD3d 660, 661-662; cf. Matter of Crenshaw v Thorpe-Crenshaw, 146 AD3d 951, 951-952).
The remaining contentions are without merit.
SCHEINKMAN, P.J., DILLON, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court