Matter of Finn v Harrison (2020 NY Slip Op 07057)





Matter of Finn v Harrison


2020 NY Slip Op 07057


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
PAUL WOOTEN, JJ.


2019-14358
 (Docket No. O-9745-19)

[*1]In the Matter of Dorothy Finn, respondent,
v
Miecha Harrison, appellant.


Helen Chowes, New York, NY, for appellant.
Janis A. Parazzelli, Floral Park, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, Miecha Harrison appeals from an order of protection of the Family Court, Kings County (Suzanne J. Adams, J.), dated November 26, 2019. The order of protection, upon a finding that Miecha Harrison committed the family offense of harassment in the second degree, made after a fact-finding hearing, directed her, inter alia, to refrain from committing any criminal offense against the petitioner until and including November 25, 2021.
ORDERED that the order of protection is affirmed, without costs or disbursements.
The appellant's voluntary appearance in court with respect to the family offense petition and failure to raise any objection to the manner of service of the petition, as well as her active participation at the fact-finding hearing, defeats her current claim that the Family Court did not obtain personal jurisdiction over her because she was not served with notice of the petition (see Family Ct Act § 167; Matter of Jackson v Idlett, 103 AD3d 723, 723; Matter of Wood v Brown, 26 AD3d 390).
"The allegations in a family offense proceeding must be 'supported by a fair preponderance of the evidence'" (Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340, quoting Family Ct Act § 832). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record'" (Matter of Howard v Howard, 181 AD3d 894, 895, quoting Matter of Porter v Moore, 149 AD3d 1082, 1083).
We agree with the Family Court's determination that the petitioner established, by a fair preponderance of the evidence, that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[3]; see Family Ct Act § 812[1]; Matter of Howard v Howard, 181 AD3d at 895). The court "was presented with conflicting testimony, and its determination that the appellant committed the family offense of harassment in the second degree was based upon its assessment of the credibility of the parties and is supported by the record" (Matter of Howard v Howard, 181 AD3d at 895-896, citing Matter of Vella v Dillman, 160 AD3d 883, 884 and Matter of Winfield v Gammons, 105 AD3d 753).
Moreover, contrary to the appellant's contentions, the intent to commit harassment in the second degree was properly inferred from the appellant's conduct, which included, inter alia, her use of abusive language directed at the petitioner and her threatening action of videotaping the petitioner while she slept, both of which frightened the petitioner, caused her blood pressure to rise, and served no legitimate purpose (see Matter of Howard v Howard, 181 AD3d at 895; Matter of Washington v Washington, 158 AD3d 717, 718). Accordingly, there is no basis to disturb the order of protection (see Matter of Howard v Howard, 181 AD3d at 895; Matter of Washington v Washington, 158 AD3d at 719).
The appellant's remaining contention is without merit.
MASTRO, J.P., AUSTIN, HINDS-RADIX and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court