Matter of Vien v Bala-Gbogbo (2021 NY Slip Op 02166)





Matter of Vien v Bala-Gbogbo


2021 NY Slip Op 02166


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2019-08583 
2019-08584
2019-11834
 (Docket Nos. O-19332-18, O-19692-18)

[*1]In the Matter of John B. Vien, respondent,
v
Sarah Bala-Gbogbo, appellant. (Proceeding No. 1.)
In the Matter of Sarah Bala-Gbogbo, appellant,
v
John B. Vien, respondent. (Proceeding No. 2.)


Sarah Bala-Gbogbo, New York, NY, appellant pro se.
Spodek Law Group, P.C., New York, NY (Mary Lou Chatterton of counsel), for respondent.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 8, Sarah Bala-Gbogbo appeals from (1) an order of the Family Court, Queens County (Elizabeth L. Fassler, J.), dated June 28, 2019, (2) an order of the same court also dated June 28, 2019, and (3) an order of protection of the same court also dated June 28, 2019. The first order, after a hearing, denied a family offense petition filed by Sarah Bala-Gbogbo. The second order, after a hearing, found that Sara Bala-Gbogbo committed the family offense of harassment in the second degree. The order of protection directed Sara Bala-Gbogbo, inter alia, to stay away from John B. Vien until and including June 27, 2021.
ORDERED that the orders and the order of protection are affirmed, without costs or disbursements.
On September 27, 2018, John B. Vien filed an amended family offense petition against the appellant, seeking an order of protection. Less than a week later, the appellant filed a family offense petition against Vien. After a hearing, the Family Court found that Vien proved by a preponderance of the evidence that the appellant committed the family offense of harassment in the second degree, and that the appellant did not sustain her burden of proof on her petition. Thereafter, the court issued an order of protection directing the appellant, inter alia, to stay away from Vien until and including June 27, 2021.
"The allegations in a family offense proceeding must be 'supported by a fair preponderance of the evidence'" (Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340, quoting Family Ct Act § 832). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses [*2]are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record'" (Matter of Howard v Howard, 181 AD3d 894, 895, quoting Matter of Porter v Moore, 149 AD3d 1082, 1083; see Matter of Stringer v Grant, 187 AD3d 1198; Matter of Qin Fen Wang v Chee Kiang Foo, 171 AD3d 1187, 1189).
Here, Vien established, by a preponderance of the evidence, that the appellant committed the family offense of harassment in the second degree (Penal Law § 240.26[3]). The Family Court's determination that the appellant committed the family offense of harassment in the second degree and that the appellant failed to sustain her burden of proof on her petition was based upon its assessment of the credibility of the parties and is supported by the record (see Matter of Stringer v Grant, 187 AD3d at 1198; Matter of Howard v Howard, 181 AD3d at 895). Accordingly, there is no basis to disturb the orders and the order of protection appealed from (see Matter of Howard v Howard, 181 AD3d at 895; Matter of Johnson v Rivers, 165 AD3d 931, 932).
The appellant's remaining contentions are without merit.
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court