Matter of Figueroa v Figueroa (2023 NY Slip Op 01507)

Matter of Figueroa v Figueroa

2023 NY Slip Op 01507

Decided on March 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2022-02965
2022-04865
 (Docket No. O-2297-21)

[*1]In the Matter of Diana Figueroa, respondent,
v
Luis R. Figueroa, appellant.

The Law Offices of Joseph S. Gulino, Jr., Esq., PLLC, White Plains, NY, for appellant.
Samuel Coe, White Plains, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from (1) an order of protection of the Family Court, Orange County (Lori Currier Woods, J.), entered March 30, 2022, and (2) an order of the same court entered April 27, 2022. The order of protection, inter alia, directed the father to stay away from and refrain from communicating with the mother, except as to texts regarding the children, until and including March 30, 2024. The order, after a hearing, in effect, found that the father committed the family offenses of harassment and stalking, and directed him to observe the conditions of behavior of the order of protection.
ORDERED that the order of protection is affirmed, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof, in effect, finding that the father committed the family offense of stalking; as so modified, the order is affirmed, without costs or disbursements.
The mother commenced this proceeding pursuant to Family Court Act article 8 against the father, alleging that he had committed family offenses against her. The mother commenced a separate proceeding alleging that the father violated a temporary order of protection. After a hearing, the Family Court dismissed the violation petition, and entered an order in this family offense proceeding, in effect, finding that the father committed the family offenses of harassment and stalking, and directing him to observe the conditions of behavior set forth in an order of protection issued against him and in favor of the mother. The order of protection, inter alia, directed the father to stay away from the mother and refrain from communicating with her, except as to texts regarding the children. The father appeals.
"The allegations in a family offense proceeding must be 'supported by a fair preponderance of the evidence'" (Matter of Diaz v Rodriguez, 164 AD3d 1340, 1340, quoting Family Ct Act § 832). "'The determination of whether a family offense was committed is a factual issue to be resolved by the Family Court, and its determinations regarding the credibility of witnesses are entitled to great weight on appeal, such that they will not be disturbed unless clearly unsupported by the record'" (Matter of Howard v Howard, 181 AD3d 894, 895, quoting Matter of Porter v Moore, 149 AD3d 1082, 1083).
Regarding the findings of the family offenses of harassment and stalking, although the Family Court did not specify the degree of harassment or stalking under Family Court Act § 812(1) that the father committed, the record is sufficient for this Court to conduct an independent review of the evidence (see Matter of Yurewich v Read, 209 AD3d 747, 748). A fair preponderance of the evidence adduced at the hearing established that the father committed the family offense of harassment in the second degree (Penal Law § 240.26[3]; see Family Ct Act § 812[1]; Matter of Finn v Harrison, 188 AD3d 1200; Matter of James XX. v Tracey YY., 146 AD3d 1036).
However, the Family Court's determination that the father committed the family offense of stalking, in any degree, was not supported by a fair preponderance of the evidence. As the testimony regarding the allegation of stalking was submitted in support of the violation petition, which was subsequently dismissed, there was no basis in the record upon which a finding could be made that the father had committed the family offense of stalking, in any degree (see Family Ct Act § 841[a]).
Under the circumstances of this case, we find no basis to disturb the order of protection (see id. § 842; Matter of Frimer v Frimer, 143 AD3d 895; Matter of Filipowski v Sullivan-Tirelli, 139 AD3d 1063).
The Family Court providently exercised its discretion in denying the father's motion for a mistrial (see Lieberman v Lieberman, 112 AD3d 583; Chung v Shakur, 273 AD2d 340).
The father's remaining contentions are unpreserved for appellate review, as they were not raised before the Family Court (see Matter of Damian M., 41 AD3d 600), and, in any event, without merit.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court